Bader, Appellant, *v.* Highway Truck Drivers and Helpers Local No. 107 et al., Appellants.

Argued December 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*James J. Wilson,* with him *F. Emmett Fitzpatrick, Jr.* and *Joseph M. Smith,* for appellant.

*John Mattioni,* with him *Mattioni, Mattioni & Mattioni,* for appellee.

OPINION BY HOFFMAN, J., March 20, 1969:

This is an appeal from the entrance of summary judgment for appellee under Pennsylvania Rule of Civil Procedure 1035.

Appellant maintains that summary judgment was wrongfully entered, since the pleadings and affidavits disclose that there are genuine issues as to material facts which can only be determined by a jury.

Specifically, Bader, the appellee, an attorney, filed a Complaint in Assumpsit alleging that he was engaged by appellant, a labor union, to represent it in a matter in the United States District Court, District of Delaware. By way of an attached bill for services, which is incorporated into the pleading, it was also alleged that these services were competently and fully performed, and that appellant has refused to pay the $2500 bill.

Appellant, in its answer demanded proof that appellee had been retained by it. Additionally, it filed a cross complaint impleading Marshall J. Seidman, a Philadelphia attorney, alleging that he alone was liable for the bill rendered by appellee, because appellee's complaint indicated that he had been retained by Seidman.

Seidman filed an answer denying that he was liable to appellee.

Appellee then filed a motion for summary judgment together with a supporting affidavit of Seidman. These pleadings alleged that appellant, through its secretary-treasurer, the chief executive officer, hired appellee who served as counsel in the Federal Court matter.

Appellant's answer did not deny appellee's averment that he was retained by the secretary-treasurer on the recommendation of the union's counsel, Seidman. It only alleged that the Executive Board of the Union is empowered by the union by-laws to employ an attorney to provide legal services and that it never hired appellant.

This case must be resolved according to the settled principle that a summary judgment should be granted only when the case is clear and free from doubt. *Mal-*

*lesky v. Stevens,* 427 Pa. 352, 235 A. 2d 154 (1967), *Toth v. Philadelphia,* 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968).

From the above pleadings, it is apparent that there are material issues of fact which can only be resolved at trial. Appellee's contention that he was retained by appellant has not been admitted. Rather, appellant has averred that the additional defendant, Seidman, who was appellant's "retained" counsel is alone liable to appellee.

Evidence may show that the secretary-treasurer had apparent authority, despite the provisions of the by-laws, to retain appellee. Or, the evidence may establish a ratification by appellant through a course of conduct. But, these questions have not been resolved by the pleadings. Moreover, it must be determined if the additional defendant, Seidman, is alone liable to appellee. There are also questions as to whether the retention of appellee was ever submitted to the Executive Board and if so, whether it approved of same. Other ambiguous factual issues that must also be resolved are: (1) the understanding of the secretary-treasurer, (2) his apparent authority, (3) the ratification of his actions by appellant's course of conduct, and (4) whether the additional defendant knew, or should have known, that only the Executive Board could retain legal counsel, if, indeed, that was the case.

These are genuine issues of fact. The hearing on a motion for summary judgment is not a trial on the merits, and the court on such motion should not attempt to resolve conflicting contentions of fact or conflicting inferences which may be drawn from such facts. *Schacter v. Albert,* 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

We vacate the order for summary judgment and order a trial on the merits.