434 A.2d 203

**Gilbert DIPPOLD, Appellant,**

**v.**

**AMHERST INSURANCE CO. and Harvey C. Hauber, t/a The Hauber Insurance Agency.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1981.

Filed Aug. 28, 1981.

Vernan D. Roof, Ridgway, for appellant.

Norbert J. Pontzer, Ridgway, for Amherst, appellee.

John R. Fernan, Ridgway, for Hauber, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

PER CURIAM:

This is an appeal from a summary judgment granted under Pa.R.C.P. 1035 in favor of defendants-appellees.

The facts, taken in the light most favorable to appellant, are as follows: On December 10, 1976, appellee Amherst Insurance Company, (Amherst) through appellee Harvey C. Hauber t/a The Hauber Insurance Agency (Hauber) issued a physical damage motor vehicle policy to appellant's son, Carl, insuring a 1974 Mack Tractor. This policy was subsequently replaced by a new policy which covered a period extending from January 26, 1977 to January 26, 1978.

On July 18, 1977, appellant and his son went to the office of appellee Hauber and obtained an endorsement on the policy deleting Carl as the named insured, and substituting appellant as the owner and named insured of the 1974 Mack Tractor. A copy of the endorsement was forwarded to appellee Amherst. On December 27, 1977, Amherst forwarded a notice of non-renewal to Carl Dippold, the original insured, and a copy to appellee Hauber. The notice of non-renewal was not sent to appellant, who continued to make premium payments to appellee Hauber beyond January 26, 1978.

On June 30, 1978, the 1974 Mack Tractor was extensively damaged in an accident. Appellee Amherst, claiming that the policy had expired on January 26, 1978, refused to honor the policy. Appellant thereafter filed a complaint in trespass and assumpsit against appellees, and, following appellees' motion therefor, the lower court granted summary judgment.

Appellant maintains that summary judgment was wrongfully entered because the pleadings and other papers properly filed disclose genuine issues of material facts which can be determined only by a jury. We agree.

"[S]ummary judgment should be granted only when the case is clear and free from doubt." *Bader v. Highway Truck Drivers and Helpers Local No. 107*, 214 Pa.Super. 123, 125, 251 A.2d 692, 693 (1969). The moving party has the burden of proving that there are no genuine issues as to any material facts, and the record must be examined in the light most favorable to the non-moving party. *Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968).

With respect to appellee Hauber, the factual question which remains to be answered is whether a new one-year policy had been issued on July 18, 1977 when the insurance policy was transferred.

Questions of fact which remain as to appellee Amherst are whether appellant, because of lack of notice, reasonably believed the policy had been automatically renewed, and

whether Hauber was the agent or subagent of Amherst with actual or apparent authority to bind the Company and, if so, to what extent.

Order reversed.