In the Matter of Jack A. WILLET, Debtor.

**Christine G. WILLET, Plaintiff,**

v.

**Jack A. WILLET, Defendant.**

**Bankruptcy No. 1–81–01794.**
**Adv. No. 1–81–0255.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Dec. 14, 1981.

P. M. McCaulay, Cincinnati, Ohio, for debtor.

Daniel J. Temming, Cincinnati, Ohio, for plaintiff Christine Willet.

## ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF AS TO ENFORCEMENT OF MAINTENANCE OF LIFE INSURANCE; AND DETERMINING CHILD SUPPORT ARREARAGE NON–DISCHARGEABLE.

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the complaint filed by Christine G. Willet on August 11, 1981 to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5)(B); upon the answer filed by the Debtor-Defendant, Jack A. Willet as therein alleged; upon the testimony and evidence.

The Court of Common Pleas, Hamilton County, Ohio entered a decree of divorce of the parties herein on November 29, 1972. The decree ordered defendant to pay child support at the rate of $100.00 per week. As of April 7, 1981, an arrearage exists in the amount of $4900.00. However, the non-dischargeability of such debt is not at issue herein and such fact has been stipulated by the parties.

The present controversy concerns a provision on page three of the divorce decree which states the following:

"IT IS FURTHER ORDERED that Defendant maintain the children of the parties as irrevocable beneficiaries on Fifty Thousand Dollars ($50,000.00) life insurance on Defendant's life during the minority of the children and produce proof of compliance with said order to Plaintiff within sixty (60) days from journalization hereof."

Defendant no longer carries a policy of life insurance. Plaintiff contends that such obligation or duty is in the nature of alimony, maintenance or support and is enforceable by this Court. However, this Court disagrees.

11 U.S.C. § 523(a)(5) excepts certain debts from discharge as follows:

"a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—* * *

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, * * * *"

11 U.S.C. § 101(11) defines a "debt" as "a liability on a claim." A "claim" is defined under 11 U.S.C. § 101(4) as follows:

"(4) "claim" means—

(A) *right to payment*, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;" Emphasis the Court's.

Therefore, the type of debts which are defined under the Bankruptcy Code are limited to those which involve at some point a "right to payment". A provision arising from a divorce decree which orders the debtor to maintain the children of his former marriage as beneficiaries on his life insurance policy involves no such "right". It is not the type of obligation contemplated under 11 U.S.C. § 523 since a determination of non-dischargeability cannot be made by the Court as no debt exists to be considered.

The relief sought by plaintiff, to force the maintenance of debtor's life insurance cannot be properly granted in this Court and such relief is denied.

Judgment will be entered in the amount of $4900.00 for child support owed by the defendant as of April 7, 1981. Further, the support which is accruing at $100.00 per week likewise is non-dischargeable.

SO ORDERED.