In the Matter of Samuel W. LESHER, Debtor.

Samuel W. LESHER, Plaintiff,

v.

Evelyn E. LESHER, Defendant.

Bankruptcy No. 81–1173.
Adv. No. 81–2175.

United States Bankruptcy Court,
W. D. Pennsylvania.

June 2, 1982.

T. Lawrence Palmer, Wexford, Pa., for plaintiff.

Edwin J. Martin, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the complaint of Samuel W. Lesher, debtor, wherein he seeks to have an obligation for monthly payments to his former spouse pursuant to a 1968 Illinois divorce decree declared dischargeable. Plaintiff requests such relief on the following bases: 1) at all relevant times, an alimony claim after a final divorce decree was not enforceable in Pennsylvania; and 2) the cause of action based upon the Illinois divorce agreement merged into a subsequent Pennsylvania judgment wherein specific performance of the obligation was ordered.

Defendant Evelyn Lesher, plaintiff's former spouse, contends that pursuant to 11 U.S.C. § 523(a)(5) of the Bankruptcy Code, the debt is nondischargeable, for it is a liability for alimony, maintenance, or support of a former spouse. Defendant argues that what constitutes alimony, maintenance, or support for purposes of § 523(a)(5) must be determined by federal, not state law.

The Court agrees. For the reasons that follow, the Court concludes that the debt in the present case at bar is one for alimony, maintenance or support, and is therefore nondischargeable pursuant to § 523(a)(5).

The parties have filed a joint stipulation, which consists of all relevant pleadings in

prior state court actions. The facts are briefly as follows. Mr. Lesher resides in Pennsylvania, while Mrs. Lesher is a resident of Oregon. The parties were married in Illinois in April, 1937, where they resided until January, 1968. On May 27, 1968, they were divorced in the Circuit Court of Cook County, Illinois. A divorce agreement made between the parties, and subsequently incorporated into the divorce decree, provided as follows:

The husband covenants and agrees that he will pay to the wife the sum of $700.00 per month as and for her permanent alimony, support and maintenance until such time as the wife either remarries, dies, or the husband dies, based upon the husband's representation that his gross income is approximately $28,500.00 per year. (Appendix, p. 10a § 1)

In February, 1971, Mrs. Lesher, then residing in Oregon, filed a complaint in equity in the Court of Common Pleas of Allegheny County, Family Division, wherein she prayed that the Court enter judgment against Mr. Lesher for arrearages in the amount of $18,150.00. In his answer, Mr. Lesher averred that laches barred his former spouse from the enforcement of her claim in equity. The case remained dormant until May, 1976, at which time Mrs. Lesher filed a petition to reactivate the matter.

In an opinion issued by Judge Brosky of the Court of Common Pleas of Allegheny County, Pennsylvania, the Court held that on the basis of *Silvestri v. Slatowski*, 423 Pa. 498, 224 A.2d 212 (1966), Mrs. Lesher was entitled to seek equitable performance of the foreign support agreement. On November 23, 1976, an order was entered requiring Mr. Lesher to pay arrearages in the amount of $65,750.00; and to remain in specific compliance with the terms of the support agreement. Exceptions to the Decree Nisi filed on behalf of Mr. Lesher were dismissed, and the Court's opinion was declared a Final Decree. On February 18, 1978, the Superior Court of Pennsylvania affirmed the order.

In March, 1981, Mrs. Lesher petitioned for enforcement of a valid decree of a sister state for payment of alimony, in accordance with § 506 of the 1980 Divorce Code of Pennsylvania. Therein, it was stated that Mr. Lesher had failed to comply with both the Illinois and Pennsylvania orders. Shortly thereafter, a rule was granted upon Samuel Lesher to show cause why the order of the Circuit Court of Cook County, Illinois should not be enforced.

Prior thereto, Mrs. Lesher filed an Involuntary Petition in Bankruptcy against Samuel Lesher in the Western District of Pennsylvania. In Mr. Lesher's answer to the Rule to Show Cause, he asserts that Mrs. Lesher is in violation of the automatic stay provisions of § 362 of the Bankruptcy Code. Upon petition of Mrs. Lesher, the involuntary bankruptcy proceeding was terminated. On May 1, 1981, Mr. Lesher filed a petition under Chapter 13 of the Bankruptcy Code.

The present arrearages for payment of the support obligation exceed $76,000.00. Further, the Court is convinced of Mrs. Lesher's current need for support. It is in this context that the present question of dischargeability arises.

Plaintiff alleges in his brief that it was not until the enactment of the 1980 Divorce Code of Pennsylvania, inapplicable herein, that Pennsylvania recognized the duty of support to a former spouse. Plaintiff further argues that the only payment obligation in the case at bar arises from a contractual agreement which has been reduced to judgment, and as such is dischargeable. In addition, debtor avers that there is nothing in the record to support the need or legal responsibility for support of his former spouse.

Defendant Mrs. Lesher argues that what constitutes alimony, maintenance, and support for bankruptcy purposes is a matter of federal law, and not the law of Pennsylvania. Defendant cites extensive case law in support of this proposition. In light of the case law and clear legislative history of § 523(a)(5) of the Bankruptcy Code, the Court agrees.

Section 523 enumerates those debts which are not dischargeable in a bankruptcy proceeding. Section 523(a)(5) provides as follows:

(5) to a spouse, former spouse, or child of a debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

■ It is clear from the legislative history that what constitutes alimony, maintenance, or support will be determined under bankruptcy law, not state law. H.R.Rep. No.595, 95th Cong., 1st Sess. 363 (1977); S.Rep.No.989, 95th Cong. 2d Sess. 77–79 (1978) U.S.Code Cong. & Admin.News 1978, p. 5787. The decision in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) confirms that the determination of a debt as alimony or otherwise for purposes of dischargeability in bankruptcy is a matter of federal law. *In re Massimini*, 8 B.R. 428 (Bkrtcy.W.D.Pa.1981).

Accordingly, the Court is not bound by labels contained in a decree of divorce; *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975); and must look behind the label to the substance of the obligation. *Shacter v. Shacter*, 610 F.2d 813 (4th Cir. 1979). "A label is insufficient to make obligations nondischargeable unless the payment is actually for the support and maintenance of a spouse, former spouse or child of the debtor." 3 Collier on Bankruptcy, § 523.15 at 523–12 (15th Ed. 1979).

■ In the case at bar, the Court is presented with a clear and detailed provision in the memorandum of agreement later incorporated into the divorce decree. Although designation of the debt as alimony in the divorce decree is not conclusive for purposes of determining dischargeability in bankruptcy, where "the clear award of alimony reflects the state courts' reasoned position, it is entitled to significant weight by this (bankruptcy) court." *In re Warner*, 5 B.R. 434, 442 (D.Utah, 1980). Further, the intention of the parties and substance of the obligation should always be paramount in labelling a clause as a property settlement or alimony for purposes of dischargeability in bankruptcy. *In re Snyder*, 7 B.R. 147 (W.D.Va.1980). In looking beyond the label to the substance of the obligation embodied in the divorce decree, the Court is firmly convinced that the obligation expressed therein is in the nature of alimony, maintenance or support. It clearly falls within the provisions of § 523(a)(5), and as such, is nondischargeable.

In further response to plaintiff's arguments, it is clear that his reliance upon Pennsylvania law is misplaced, for federal law controls resolution of the issue in the case at bar. It is also clear that a judgment for alimony does not lose its nondischargeable character by merger into a subsequent judgment. 3 Collier on Bankruptcy, § 523.-15 at 523–108 (15th Ed. 1979).

Based on the foregoing, the Court holds that the $700.00 monthly obligation to Mrs. Lesher pursuant to the 1968 Illinois divorce decree, as well as all arrearages, are clearly in the nature of alimony, maintenance, and support; and are therefore nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

An appropriate order will be entered.