### In re Mary Ann BURCHETT, Debtor.

### Bankruptcy No. 81–01049.

United States Bankruptcy Court,
N. D. Ohio, W..D.

Aug. 24, 1982.

---

C. Thomas Gruhler, Toledo, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the claim of Mr. Burchett, the Debtor's ex-husband, to one-half of the proceeds of the sale of real estate at 220 East Dean Road, Temperance, Michigan. Both parties agreed to submit the issue to the Court upon Memoranda.

## FACTS

The Court finds the following facts:

1.) Debtor, Mary Ann Burchett, and her husband William T. Burchett, Sr., terminated their marriage by Judgment of Divorce entered in the Circuit Court for the County of Monroe, Michigan on August 8, 1980.

2.) Both parties entered into a property settlement agreement on May 28, 1980. This property settlement agreement was incorporated by reference into the August 8, 1980 Judgment of Divorce.

3.) During the pendency of the divorce proceeding, the marital home was sold by land contract to Charles and Patricia Remley. The Judgment of Divorce ordered the appointment of an escrow agent to disperse the funds derived from the sale of this real property. The proceeds of sale were to be applied to the marital debts of the parties, including federal and state income tax liens. The balance of monies was then to be divided equally between Mr. and Mrs. Burchett.

4.) The Debtor, Mary Ann Burchett, filed her voluntary petition in Bankruptcy on May 28, 1981 in the United States Bankruptcy Court for the Northern District of Ohio, Western Division. The Debtor included in her schedules, the debts of the marriage.

The issue presented to the Court is whether the proceeds of the sale should be distributed pursuant to the directives of the Domestic Relations Court of Monroe County, Michigan, or whether the intervening Bankruptcy requires the Trustee to attach the Debtor's one-half interest in the proceeds and distribute by order of priority under the Bankruptcy Code.

## LAW

The pertinent parts of the property settlement agreement of May 28, 1982, which was incorporated by reference into the Judgment of Divorce are as follows:

"1. THE PARTIES HERETO MUTUALLY AGREE:

....(d) that the appointment of Thomas W. Pruden, as escrow agent, in those certain Agreements between the parties hereto, being dated April 7, 1980, is hereby extended until all funds due under the Land Contract referred to in said Agreements, have been collected by the said

agent, and he shall continue to make the disbursements authorized thereunder, and, upon collection of the full monies due under said Land Contract, is hereby directed and authorized to distribute therefrom the funds necessary to pay the marital debts of the parties, as hereinafter specifically set forth, and the respective attorney fees incurred by the parties, and to further make final distribution of the balance of the said proceeds, equally, share and share alike, between the parties hereto.

The said Thomas W. Pruden is hereby specifically authorized to make payments of the following specific debts of the parties hereafter set forth, to-wit: Monroe County Teacher's Credit Union, Midland Guardian, Woolco, J.C. Penney, Visa (Ohio Citizens), Montgomery Ward, Visa (Security Bank), General Telephone (2 bills), Consumers Power, Westside Fuel, Sunoco and Internal Revenue Service and State Income Tax 1978—1979 taxes only.

That the said escrow agent is further authorized to pay from any sums held in escrow by him, subject to the release by Charles Remley et ux, any sums necessary to update, and preserve, the parties interest in and to 19 acres, more or less, of real estate of the parties situate in Columbiana County, Ohio...."

Mr. Burchett believes the terms of the divorce judgment should control and that all the proceeds of the real estate should be used primarily to satisfy the creditors of the marriage, more specifically set forth in the Property Settlement Agreement, and secondly that the balance should then be equally divided between the parties.

Although unclear, it appears that the Debtor, Mary Ann Burchett believes the proceeds should be initially divided between the parties, however she asserts that her one-half share should be given to the Trustee to distribute pursuant to the priorities of the Bankruptcy Code.

■ The intervention of the Bankruptcy case is here, as throughout the Bankruptcy Courts, playing havoc with Domestic Relations judgments. The legislative history of the Bankruptcy Code is quite clear in stating that federal bankruptcy law is controlling where dischargeability issues interact with alimony and property settlement determinations. The Bankruptcy Court is not required to accept as determinative those statements in the divorce or similar decree that particular debts are in the nature of alimony or property settlement. Rather the Court will look to the intent of the parties in determining whether specific debts are in the nature of support or a property settlement. *In re Warner,* 5 B.R. 434 (Bkrtcy. D.C.D. Utah 1980); *In re Sturgell,* 7 B.R. 59 (Bkrtcy. S.D. Ohio 1980); *In re Diers,* 7 B.R. 18 (Bkrtcy. S.D. Ohio 1980). Furthermore, each case must be decided upon its own merits after a review of the respective facts and surrounding circumstances. *In re Brace,* 13 B.R. 551 (Bkrtcy. N.D. Ohio 1981); *In re Hoover,* 14 B.R. 592 (Bkrtcy. N.D. Ohio 1981).

■ Upon a review of the property settlement agreement, it appears that both parties agreed that the distribution of funds was to be made by the escrow agent. Any change made in this distribution would have to be upon mutual consent of the parties. Further, there was a specific provision waiving any alimony payments. The intent of the parties appears clear.

It is impracticable for this Court to order the trustee to distribute one-half of the proceeds to the creditors of this Debtor (most of which are the creditors on the marital debts), and allow the escrow agent to distribute the other half to those same creditors. The pragmatic solution to the problem is to let the prior judgment command the distribution, such distribution being mutually agreed upon by the parties here. Judicial economy dictates that in this particular case the net proceeds should be paid to Mr. Pruden as escrow agent, to be distributed to those creditors specified in the Judgment of Divorce and Property Settlement Agreement. Thereafter, the balance shall be equally divided with the Debtor's share to be paid directly to Mr. Philip Joelson, Trustee in Bankruptcy. At that point the Trustee can distribute the available funds to the remaining creditors of the Debtor, and the Debtor shall receive her discharge.

For the foregoing reasons, it is

ORDERED that the proceeds from the sale of the real estate located at 220 East Dean Road, Temperance, Michigan, shall be paid to Thomas W. Pruden, Escrow Agent to be distributed by him according to the terms of the Property Settlement Agreement dated May 28, 1980.

It is FURTHER ORDERED that any monies remaining after payment of those debts shall be equally divided and the Debtor's one-half interest shall be sent to Philip R. Joelson, Trustee in Bankruptcy to be distributed to any remaining creditors.

It is FURTHER ORDERED that Mr. Pruden shall make an accounting to this Court of the amount of distributions made, and the parties to whom they are made.

In so reaching these conclusions, the Court has considered all the evidence presented whether or not referred to specifically in the Opinion above.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record.