459 A.2d 1233

**David W. KNAUER, Appellant,**

v.

**Edward SALTER.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1982.

Filed March 25, 1983.

Reargument Denied June 7, 1983.

Petition for Allowance of Appeal Denied Oct. 18, 1983.

David W. Knauer, Stroudsburg, appellant, in propria persona.

Mark Garber, Jr., Carlisle, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

Appellant, David Knauer, was injured on July 10, 1977, while on active training duty with the Pennsylvania National Guard. At the time of the events in question, appellant was assisting appellee, Major Edward Salter, in unloading a truck. As a result of Salter's alleged negligence, appellant sustained injuries to his left knee. He thereupon initiated legal action against appellee. Contending that appellant's action was barred as a matter of law, appellee filed a Motion for Summary Judgment. Said motion was granted by Order of Court on November 9, 1981. This appeal ensued.

A Motion for Summary Judgment should only be granted in those cases which present no genuine issues of material fact. *Dippold v. Amherst Insurance Co.*, 290 Pa.Super. 206, 434 A.2d 203 (1981); *Giannini v. Carden*, 286 Pa.Super. 450, 429 A.2d 24 (1981); *Dunn v. Teti*, 280 Pa.Super. 399, 421 A.2d 782 (1980). If there are no genuine issues as to any material fact, and the applicable law entitles the moving party to a judgment, then the motion is properly granted. See Pa.R.C.P. No. 1035(b).

Herein, an examination of the law reveals that summary judgment was appropriately entered. No dispute existed as to any of the material facts. The trial judge held that, as a matter of law, appellant was barred from suing appellee, a fellow member of the Pennsylvania National Guard, for damages allegedly caused by appellee's negligence. The trial judge ruled that state compensation benefits as provided in the Military Code of August 1, 1975, and as supplemented by federal compensation pursuant to 32 U.S.C.A. § 318 established an exclusive remedy for appellant. Since the state benefits are determined by the Pennsylvania Workmen's Compensation Act, the trial court declared that appellant was bound by the restrictions included in that Act. Finally, the waiver of sovereign immunity embodied in 42 Pa.C.S.A. § 8522(b)(8) for National Guard activities was deemed to be inapplicable to the case at bar.

The relevant federal statute provides:

*Compensation for disablement during training*

A member of the National Guard is entitled to the hospital benefits, pay and allowances, law or regulation for a member of the Regular Army or the Regular Air Force ... of corresponding grade and length of service, whenever he is called or ordered to perform training under sections 502, 503, 504, or 505 of this title—

(1) For a period of more than 30 days, and is disabled in line of duty from disease while so employed; or

(2) For any period of time, and is disabled in line of duty from injury while so employed.

32 U.S.C.A. § 318. When appellant was injured, he was on active duty for the Pennsylvania National Guard, performing field maneuvers in summer incampment. This activity falls within the ambit of 32 U.S.C.A. § 502(a), Required Drills and Field Exercises; consequently, appellant is eligible to receive § 318 benefits. These benefits have been construed as supplemental in nature, payable after any state emoluments have been received by members of the National Guard who are disabled in the line of duty. *Maryland v. United States*, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965).

Pennsylvania National guardsmen who are injured during active service are furnished state compensation pursuant to the Military Code, 51 Pa.C.S.A. § 3501. This section states in pertinent part:

General rule: If any member of the Pennsylvania National Guard is injured or otherwise disabled .... while performing duty in active service of the Commonwealth or in the performance of other State military duty under competent order ... he or his dependents, if not compensated therefor by the government of the United States, shall receive from the Commonwealth just and reasonable relief, the amount of compensation to be determined in accordance with the Workmen's Compensation Law of Pennsylvania.

The trial judge reasoned that since the amount of compensation was to be determined in accordance with the

Workmen's Compensation Law of Pennsylvania, the restrictions of the Workmen's Compensation Act were also applicable to appellant's recovery under 51 Pa.C.S.A. § 3501. The Workmen's Compensation Act explicitly bars an employee's common law right to sue a co-employee for damages resulting from the co-employee's negligence. See 77 Pa.S.A. § 72. Moreover, this Act defines the liability of the employer within the scope of the Act as "exclusive and in place of any and all other liability to such employees...." 77 Pa.S.A. § 481(a). The trial judge opined that the Commonwealth, as the "employer," was solely liable to appellant for compensation for his injuries. Since the Commonwealth supplied an adequate remedy in 51 Pa.C.S.A. § 3501, appellant was prohibited from also pursuing his claim against appellee.

Appellant directs our attention to a recent Commonwealth Court opinion, *Commonwealth, Pennsylvania National Guard v. Workmen's Compensation Appeal Board,* 63 Pa.Cmwlth.Ct. 1, 437 A.2d 494 (1981). In that case, a member of the Pennsylvania National Guard was awarded benefits by the Workmen's Compensation Appeal Board for an injury he sustained while engaged in training for the Guard. Although the Workmen's Compensation Act is the standard to be applied in determining the amount of compensation due to the injured guardsman under 51 Pa.C.S.A. § 3501, the court noted that the actual authority to grant relief lies with the Department of Military Affairs pursuant to 51 Pa.C.S.A. § 702. Consequently, the court resolved, compensation is exclusively provided under the state's Military Code. To permit recovery under the Workmen's Compensation Act would sanction double recovery. The Commonwealth Court therefore reversed, ruling that "a member of the Pennsylvania National Guard is not an employee within the intendment of the Workmen's Compensation Act." *Id.,* 63 Pa.Cmwlth.Ct. at 4, 437 A.2d at 491.

Appellant is correct that this case has abrogated portions of the trial court's rationale for ruling that appellant's action is barred. However, the trial judge did not rely on

that basis alone in reaching his decision. He properly observed that "[s]ection 3501 of the *Pennsylvania Military Code* (51 Pa.C.S.A.) provides simple, certain, and uniform compensation for guardsmen injured while performing duty in active service of the Commonwealth." (Emphasis added).

Appellant does not deny his right to receive compensation under the state and federal National Guard relief provisions.[1] It is his theory that he is also entitled to sue appellee for damages pursuant to 42 Pa.C.S.A. § 8522(b)(8). This statute waives the defense of sovereign immunity as a bar to an action against a Commonwealth party for "[a]cts of a member of the Pennsylvania military forces." Thus, appellant contends that this waiver permits injured guardsmen to institute negligence actions against fellow guardsmen for injuries sustained during service.

The United States Supreme Court was confronted with a similar situation in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Therein, servicemen injured while on active duty sought recovery for their damages through the Federal Tort Claims Procedure Act, 28 U.S.C. §§ 2671–2680 (1970). Section 2674 of that Act states:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

Similar to the argument which appellant advances herein, the federal servicemen demanded a remedy in addition to the statutory compensation scheme provided for injured or disabled servicemen.

In denying them relief under the Federal Tort Claims Act, the Supreme Court construed the aforementioned act to fit "as far as will comport with its words, into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole." *Id.* at 139, 71 S.Ct. at 156. That Court observed that the purpose

---

**1.** It is unclear from the record whether appellant received any state or federal compensation for his physical injuries.

of the aforementioned act was to provide a remedy to those who had been without, rather than to extend additional protection to those who already enjoyed coverage. The Supreme Court carefully considered the existence of a statutory scheme of compensation for injuries or death of those in the armed services in reaching its decision that servicemen could not recover under the Federal Tort Claims Act. The following exerpt aptly illustrates the high court's rationale:

"This Court, in deciding claims for wrongs incident to service under the Tort Claims Act, cannot escape attributing some bearing upon it to enactments by Congress which provide systems of simple, certain, and uniform compensation for injuries or death of those in armed services. We might say that the claimant may (a) enjoy both types of recovery, or (b) elect which to pursue, thereby waiving the other, or (c) pursue both, crediting the larger liability with the proceeds of the smaller, or (d) that the compensation and pension remedy excludes the tort remedy. There is as much statutory authority for one as for another of these conclusions. If Congress has contemplated that this Tort Act would be held to apply in cases of this kind, it is difficult to see why it should have omitted any provision to adjust these two types of remedy to each other. The absence of any such adjustment is persuasive that there was no awareness that the Act might be interpreted to permit recovery for injuries incident to military service." (footnote omitted).

*Id.* at 144, 71 S.Ct. at 158.

■ The above-cited reasons, while not an exhaustive list of those considered by the Supreme Court, do serve to support our decision here. We do not think it overreaching of our judicial function to attribute to the legislature the desire to construct an integrated, cohesive plan of remedies. Although the Military Code does not contain the broad language of exclusivity which is found in the Workmen's Compensation Act, we will not presume that the legislative intent was to allow full recovery by a guardsman for his

injuries and also permit him double recovery in an action against his fellow militiaman for damages. This very result was struck down in *Pennsylvania National Guard v. Workmen's Compensation Appeal Board, supra,* the case upon which appellant relies.

At the time our state legislature promulated 51 Pa.C.S.A. § 3501, the Commonwealth was immune from lawsuits resulting from the actions of National Guardsmen. *Brown v. Commonwealth of Pennsylvania,* 453 Pa. 566, 305 A.2d 868 (1973). The Commonwealth, pursuant to 51 Pa.C.S.A § 3501, extended a remedy to those who had previously been without recourse. The legislative reference to the Workmen's Compensation Act in determining the amount of recovery comports with our view that said remedy be the exclusive avenue of recovery. While we recognize that compensation must be paid through the Department of Military Affairs, it is nonetheless instructive that the legislature ordered compensation to be dispensed "in accordance with" an Act which abrogates the common law right to sue an employer or co-employee for damages incurred in the course of employment. Finally, just as the Supreme Court of the United States found the absence of any adjustment in the types of recovery persuasive, we too believe that the silence of our legislature with respect to reconciling § 3501 to the waiver provision speaks the loudest.[2]

█ Clearly, 42 Pa.C.S.A. § 8522(b)(8) evinces an awareness by the legislature of the possibility of lawsuits resulting from the actions of National Guardsmen. However, the trial court held, and we agree, that this waiver is directed toward those situations in which third party plaintiffs receive injuries through the acts of National Guard members.

**2.** In researching this issue, we found no legislative history, committee reports, or floor debates to disclose the effect of the waiver of governmental immunity for the acts of National Guard on the right to receive "just and reasonable relief" under 51 Pa.C.S.A. § 3501. In such a situation, every judicial interpretation of legislative intent is subject to scrutiny and challenge by the legislature. If our statutory construction has led us the wrong conclusion, the legislature possesses the ready ability to cure our error.

Consistent with this exposure to liability, the Commonwealth will provide legal assistance to any Pennsylvania military personnel charged with criminal or civil liability arising in the course of their duty. 51 Pa.C.S.A. § 4107. In addition, the Commonwealth will assume the responsibility for the payment of all judgments and costs secured against a member of the Pennsylvania militia. 51 Pa.C.S.A. § 4108.

For the foregoing reasons, we are convinced that § 3501 is the exclusive remedy of a Pennsylvania National Guardsman who is injured or disabled through the negligence of a fellow guardsman. Summary judgment was properly entered in light of our above decision.

Order affirmed.