458 A.2d 605

**Richard C. and Francella A. GOZON, Appellants,**

v.

**HENDERSON–DEWEY & ASSOCIATES, INC.** Commonwealth Enterprise, Inc. and Benjamin L. and Beverly B. Taylor and American Pool Service Corporation and Barbara Deuber.

Superior Court of Pennsylvania.

Argued Feb. 22, 1982.

Filed April 8, 1983.

Jeffrey R. Lerman, Philadelphia, for appellants.

Littleton W. Roberts, Wayne, for Henderson-Dewey, appellee.

Reese A. Davis, Wayne, for Taylor, appellees.

A. Bruce Niccolo, Philadelphia, for Amer. Pool, appellee.

Before SPAETH, BROSKY and BECK, JJ.

BROSKY, Judge:

This action was commenced by appellants, the Gozons, who seek damages for losses they allegedly suffered because of defects in a house which they purchased in 1978. Appellees, the Taylors, were the sellers of the house; Henderson-Dewey & Associates was the realtor. Henderson-Dewey joined appellee American Pool Service Corporation as an additional defendant.[1]

The trespass complaint filed by appellants alleges that the named defendants misrepresented the condition of the house and an adjacent pool to them. Depositions of the parties were filed with the lower court and subsequently appellees filed motions for summary judgment which were granted. This appeal followed. We affirm.

It is axiomatic that summary judgment is to be entered only in a clear case. *Dippold v. Amherst Insurance Co.*, 290 Pa.Super. 206, 208, 434 A.2d 203, 204 (1981).

Pa.R.C.P. 1035(b) states that summary judgment shall be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.

In *Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 244–45, 376 A.2d 247, 249 (1977), we explained that the burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter

---

1. Also an original defendant below, but not a party to this appeal is Commonwealth Enterprises, Inc. which company had conducted an inspection of the property on the Gozons' behalf.

of law, is on the moving party, and the record must be examined in the light most favorable to the non-moving party.

We have thoroughly reviewed the record in this case with the above-stated principles in mind and conclude that summary judgment was properly entered.

The Gozons allege that the realtor and the Taylors misled them as to the extent of damage to the pool located on the property.

In a deposition Mr. Gozon explained that certain defects in the pool were obvious. In fact, he discussed the pool's problems with the realtor who informed him that the realtor had been given an estimated figure of $1,675 as required to fix the problems seen by Mr. Gozon. Mr. Gozon has never alleged that the realtor had lied to him about the estimate. Instead, the Gozons are dissatisfied because they believe that the pool required much more extensive work. In fact, they paid a contractor approximately $12,000 to renovate it.

In his deposition, Mr. Gozon said that the Taylors made no representations to the buyers as to the structure of the pool.

The deposition testimony of Mr. Gozon indicates to us that appellants are not entitled to recover damages for the pool repairs, even assuming all facts alleged by them to be true.

The realtor did not tell them that he guaranteed that the pool could be fixed for $1,675; instead they were told that the realtor had received such an estimate. If the Gozons were concerned about the cost of the repairs it was incumbent upon them to investigate thoroughly the cost. They were certainly put on notice as to the existence of the defects.

In fact, paragraph 24 of the sales agreement entered into by the Taylors and Gozons provides that the Gozons understood that the pool was damaged and had a leak. The paragraph concluded, "It will be the responsibility of the buyer to have the pool fixed."

Furthermore, as to the Taylors, Mr. Gozon said no representations were made about the pool by them.

In the recent case, *Quashnock v. Frost*, 299 Pa.Super. 9, 445 A.2d 121 (1982), our court was faced with the question of whether the vendor of real estate is liable for failing to disclose his knowledge of a termite infestation to an unknowing purchaser. We answered the question affirmatively, under the facts of that case. We explained that in an earlier case, *Glanski v. Ervine*, 269 Pa.Super. 182, 409 A.2d 425 (1979), this court adopted the view that when there is a serious and dangerous latent defect known to exist by the seller, then he must disclose such defect to the unknowing buyer or suffer liability for his failure to do so. See *Id.*, 299 Pa.Superior at 17–19, 445 A.2d at 125, 128.

There is no allegation that the pool damage presented a dangerous condition, nor would we find it to be a latent defect. We find no duty to disclose by the Taylors or their agents.

We reach the same conclusion as to the alleged defects in the house. In his deposition, Mr. Gozon explained that there was leakage in the house. However, he also acknowledged that he had inquired about such a problem and was told it had been fixed. Although the problem recurred, and perhaps had not been adequately treated by the Gozons, we cannot find it to be a latent defect when evidence of it was apparent during the Gozons' inspection of the house.

The biggest problem discussed by the Gozons involved what they term a vibration which could be detected when persons walked on the first floor of the house. When the Gozons noticed this, shortly after moving into the house, Mr. Gozon went to the basement and saw a cut in the joist beneath the living room. Further inspection indicated to him that the beams were in some way defective and, the Gozons allege, these defects caused the vibration and a "hump" which they saw in the first floor.

While we certainly recognize that the buyers, like the Gozons, of a house which turns out to be imperfect may be dissatisfied with their purchase, we cannot impose liability

on the sellers in this case. In his deposition, Mr. Gozon conceded that he would not term the problems stemming from the defective joist as dangerous. Furthermore, he acknowledged that the condition of the joist was not concealed. In fact he apparently had little trouble finding it.

The Gozons inspected the house before purchasing it and were in the basement. We cannot impose a duty to disclose what even the buyer concedes is a non-dangerous, unconcealed defect.

Order affirmed.

SPAETH, J., concurs in the result.