469 A.2d 212

Anne ZIMMERMAN,

v.

Ivan ZIMMERMAN, Appellant.

Superior Court of Pennsylvania.

Submitted June 23, 1983.

Filed Nov. 25, 1983.

Robert W. Kurland, West Chester, for appellant.

Anne Zimmerman, in propria persona.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

BROSKY, Judge:

This case is before us following the grant of summary judgment to appellee Anne Zimmerman, the plaintiff below. Mrs. Zimmerman instituted the action to recover sums which she claims are owed to her by virtue of a divorce judgment granted by the Supreme Court of New York. That decree severed the marriage of the parties to this action and directed the payment by appellant to appellee of the sum of $50 per week as alimony and $30 per week for the maintenance of the couple's minor child. Mrs. Zimmerman contends that appellant failed to pay alimony for the period 1975 to April 1, 1978 in the total amount of $7,290.00. She sought summary judgment on that claim as well as claims to medical expenses and a sum to recompense her for her counsel fees which she argues are due her under the terms of a stipulation entered into by the parties.

Appellant filed no response to the motion for summary judgment, but in New Matter filed in response to appellee's complaint, he denied liability on the grounds that his obligations to his former wife had been discharged by reason of his having been declared bankrupt.

The lower court rejected this argument finding that the debt to Mrs. Zimmerman lies in the nature of alimony, maintenance or support and was therefore non-dischargeable pursuant to the terms of the Bankruptcy Act, 11 U.S.C. § 523(a)(5).

The sole issue before us is whether the lower court erred in finding that there is no genuine issue of material fact as to appellant's liability. Because we believe that the lower court did not have before it sufficient information to determine the nature of appellant's obligation, we reverse and remand for further proceedings.[1]

It is well settled that summary judgment is to be entered only in the clearest of cases where there is no doubt as to the absence of a triable issue of fact. *William J. Heck Builders, Inc. v. Martin*, 315 Pa.Super. 395, 462 A.2d 253 (1983); *Dippold v. Amherst Insurance Co.*, 290 Pa.Super. 206, 208, 434 A.2d 203, 204 (1981). The burden of demonstrating that there exists no genuine issue of material fact rests on the moving party. *William J. Heck Builders, Inc. v. Martin, supra; Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 376 A.2d 247 (1977). The record is to be read in the light most favorable to the non-moving party. *William J. Heck Builders, Inc. v. Martin, supra.*

Pa.R.C.P. 1035(d) provides that

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

See also *Amabile v. Auto Kleen Car Wash, supra.*

Appellant filed no response even though Mrs. Zimmerman filed an affidavit in support of her motion. Nevertheless, we decline to uphold the grant of summary judgment. In *Marchese v. Marchese*, 457 Pa. 625, 630, 326 A.2d 321, 322 (1974) our Supreme Court explained:

1. Although appellee filed no brief with this Court and neither party challenges our jurisdiction to consider the effect of the bankruptcy, we note that the Advisory Committee Note to Bankruptcy Rule 4007 states that jurisdiction over the issue of the dischargeability of a debt like the one before us is held concurrently by the bankruptcy court and any appropriate non-bankruptcy forum.

The mere fact that a party fails to submit counter-affidavits does not automatically render summary judgment appropriate under Rule 1035(d) or *Phaff* [*Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973)]. It is preliminarily imperative that the moving party's affidavit evidence clearly dispel the existence of any general factual issue as required by Rule 1035(b). We hold that the affidavits submitted by appellees do not satisfy this requirement. Thus, the present situation is more appropriately governed by the maxim that doubtful cases should go to trial.

Similarly, we conclude that the affidavit submitted by appellee does not dispel the existence of any genuine issue of material fact.

In her affidavit appellee describes the alimony and maintenance orders entered by the New York Court and in fact, a copy of the decree is attached to the affidavit. Attached also is a copy of a stipulation which is undated, but which was apparently entered into pursuant to the divorce action. That stipulation provides that after the payment of certain fees, the proceeds from the sale of a jointly owned residence are to be given to appellee; that the furnishings and personal property in the residence are to be given to appellee; that appellant is to pay to appellee a sum in satisfaction of her counsel fees and "other claims"; that appellant is to make payments on a vehicle in the possession of appellee; that alimony and maintenance be paid by appellant in the sums of $50 and $30 per week respectively; and, that as part of alimony and child support, that appellant provide medical coverage to appellee and the minor child. The stipulation also contained other provisions not relevant here.

The Bankruptcy Act provides at 11 U.S.C. § 523 "Exceptions to Discharge" as follows:

(a) A discharge under section 727, 1141 or 1328 (b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but *not* to the extent that—

(b) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

■ What constitutes alimony, maintenance or support is to be determined according to federal bankruptcy law, not state law. *Matter of Lesher,* 20 B.R. 543 (Bkrtcy.1982); *In Re: Burchett,* 22 B.R. 818 (Bkrtcy.1982); *In Re: Brace,* 13 B.R. 551 (Bkrtcy.1981).

The case of *In Re: Thomas,* 21 B.R. 571 (Bkrtcy.1982) presented the U.S. Bankruptcy Court with the question of whether mortgage payments which a debtor is obligated to pay pursuant to a divorce decree are part of the property settlement and dischargeable or whether they are in the nature of alimony or support and therefore non-dischargeable.

The Court explained that the burden of proving that the payments were in the nature of alimony rested on the plaintiff. If she made out a prima facie case, the debtor would then have to show that he is entitled to a discharge.

The Court outlined the test to be applied in determining the nature of the debt in the following terms:

In determining whether the debt in question is in the nature of support or a property settlement, the substance of the liability must be examined, rather than the form. In short, one must look beyond the four corners of the document, especially for evidence of the relative financial needs and abilities of the parties.

See also *In Re: Burchett, supra; Van de Zande v. Van de Zande,* 22 B.R. 328 (Bkrtcy.1982) (consider the form of the award and whether, according to the parties' circumstances, the need for support exists).

In her complaint appellee sought recovery of $7,290.00 in arrearages for the "alimony" and "maintenance" weekly payments; $3,500.00 in payment of her counsel expenses and "any other claims"; and $1,950.00 in medical expenses.

In her motion for summary judgment appellee again alleged the $7,290.00 in support and maintenance arrearages. She claimed that appellant was in arrears in payments due under the terms of the stipulation, but she was not clear as to when payments had not been made, except that she contended that insurance coverage had not been provided as required by the agreement.

In the affidavit in support of her motion, appellant outlined the $7,290.00 figure and also listed as due her $2,307.80 for payment of medical expenses. Although she again mentioned the $3,500.00 counsel fee figure, it was not included in the total which she claimed was due. That figure represents only $7,290.00 and $2,307.80 for a total of $9,597.80.

It is clear that the complaint, motion and affidavit all claimed different sums were owed by appellant. The order granting the motion (which did not contain a total figure) provided that the Prothonotary was to enter judgment in favor of appellee and against appellant "in the amount prayed for."

At all times appellee sought $7,290.00 for payment of alimony and maintenance which had been awarded in the New York decree. While the record is devoid of any evidence as to the circumstances surrounding that award or as to the relative financial positions of the parties, we are inclined to agree with appellee and the lower court that these payments truly are in the nature of support and therefore are not dischargeable.

In *Van de Zande v. Van de Zande, supra,* the court looked at the following circumstances in determining whether an award represented support or a property settlement. The court observed that the award looked more like a property settlement than alimony payment because it was

to be made in a lump sum and was not terminated upon remarriage or death, as alimony payments are. Also, there was in that case no mention of the need for support by the divorce court.

In contrast, the decree in the instant case provided for weekly payments to appellant's wife and child to terminate upon death or remarriage. The decree specifically awarded $30 per week for the maintenance of the child.

We find appellee to have adequately shown the weekly payments to be in the nature of alimony and maintenance and affirm the award of summary judgment in the amount of $7,290.00. We find the record less clear as concerns the other claims.

■ We note first that we are unable to determine exactly what was awarded to appellee, given the inconsistencies in the complaint, motion and affidavit. For that reason alone we would remand for entry of an order specifying on what claims summary judgment was entered. Furthermore, the record does not contain sufficient information to discern the nature of those claims.

Appellee apparently sought recovery of $3,500.00 which the stipulation provided she should receive as payment of her counsel fees and "other claims." While attorney fees may be recoverable if they are closely associated with a support order, (See *Stanzione v. Stanzione*, 27 B.R. 187 (Bkrtcy.1982)), we do not know what the "other claims" are and whether they represent a property settlement or support. In short, summary judgment should not have been entered as to this claim since the record is unclear as to its nature.

We are likewise unsure of the basis of appellee's claim that she should be reimbursed for her medical expenses. We find no provision in the decree or stipulation that refers to the payment of medical expenses. Nor can we assume that the expenses would have been covered by medical insurance had it been provided. To the contrary, it seems at least possible that some of these expenses would not

have been covered by insurance. We find no basis in the record for this award. Summary judgment as to medical expenses would be improper based on the present record.[2]

The order granting summary judgment is affirmed as to the $7,290.00 sum, but reversed as to any other relief claimed by appellee and the case is remanded for further proceedings on those claims. We do not retain jurisdiction.

**2.** Appellee claims that contrary to the terms of the stipulation, appellant has failed to provide medical insurance for her and the parties' minor child. Since no relief was asked with regard to this alleged deficiency, we assume the summary judgment did not cover it. We note also the U.S. Bankruptcy Court's decision in *Willet v. Willet,* 16 B.R. 75 (Bkrtcy.1981) in which the Court said that a requirement that children be maintained as beneficiaries of a life insurance policy does not involve a "debt" within the terms of the Bankruptcy Act. The Court therefore declined to make a determination of dischargeability.