603 A.2d 208

John J. FIFFICK, an individual, Appellant,

v.

GAF CORPORATION, in its own right and as Successor-in-Interest to the Ruberoid Company, Raymark Industries, Inc., in its own Right and as Successor-in-Interest to Raybestos Manhattan, Inc., the Celotex Corporation, in its own Right and Successor-in-Interest to the Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs Manufacturing Company and/or Panacon Corporation, Keene Corporation, in its own Right and as Successor-in-Interest to Baldwin Hill Co., Baldwin–Ehret Hill, Inc., Ehret Magnesia Manufacturing Company and to the Insulation Division of Mundet Cork Company, to Mundet Company and to Keene Building Products, Eagle–Picher Industries, Inc., Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Garlock, Inc., Pittsburgh Corning Corporation, Armstrong World Industries, Inc., in its own Right and as Successor-in-Interest to Armstrong Cork Co. and Armstrong Contracting and Supply Co., H.K. Porter Company, Inc., in its own Right and as Successor-in-Interest to Southern Textile Company, Formerly Southern Asbestos Company, Fibreboard Corporation, in its own Right and as Successor-in-Interest to Fibreboard Paper Products Corporation, Pabco, Plant Rubber & Asbestos Works, and Plant Asbestos Co., A.P. Green Refractories Company, Dresser Industries, Inc., and its Division Harbison Walker Refractories, Kaiser Aluminum & Chemical Corporation, and its Division Kaiser Refractories, and North American Refractories Company, Appellees.

Superior Court of Pennsylvania.

Submitted Sept. 23, 1991.

Filed Feb. 12, 1992.

Janice M. Savinis, Pittsburgh, for appellant.

Daniel P. McDyer, Pittsburgh, for Gaf Corp., appellee.

Jane Charlton, Pittsburgh, for Raymark Industries, appellee.

William R. Haushalter, Pittsburgh, for Keene Corp., appellee.

Patrick R. Riley, Pittsburgh, for Owens–Corning, appellee.

John L. Vitsas, Pittsburgh, for Owens–Illinois and H.K. Porter appellees.

John A. Bacharach, Pittsburgh, for Garlock, appellee.

Robert M. Owsiany, Pittsburgh, for Dresser Industries, appellee.

Charles S. Warren, Pittsburgh, for North American Refractories, appellee.

Before WIEAND, POPOVICH and MONTGOMERY, JJ.

WIEAND, Judge:

In this case to recover damages for injuries allegedly resulting from exposure to asbestos, the trial court held that plaintiff's evidence was insufficient to show that he had been exposed to asbestos products manufactured by Owens Corning Fiberglas Corporation and, therefore, entered summary judgment in favor of said defendant. The plaintiff, John J. Fiffick, has appealed. After careful review of the record, we affirm.

From 1947 until his retirement in 1985, Fiffick labored in various capacities at the Wheeling–Pittsburgh Steel Plant in Monessen. In November, 1988, he filed an action against numerous manufacturers and distributors of asbestos products, alleging pulmonary and emotional injuries caused by exposure to airborne asbestos fibers at his place of employment. After discovery, Owens Corning filed a motion for summary judgment based on Fiffick's inability to establish exposure to any asbestos product which it had manufactured or sold. The trial court, following argument and upon consideration of affidavits, discovery depositions and answers to interrogatories, granted the motion for summary judgment.

A motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). In *Samarin v. GAF Corp.*, 391 Pa.Super. 340, 571 A.2d 398 (1989), the Court said:

> In passing upon a motion for summary judgment the court must examine the record in the light most favorable to the nonmoving party.... It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried.... Any doubt must be resolved against the moving party.... The court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings.... The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and only those allegations in the pleadings that are uncontroverted.

*Washington Federal Savings and Loan Association v. Stein*, 357 Pa.Super. 286, 288, 515 A.2d 980, 981 (1986) (citations omitted).

Once a motion for summary judgment is made and is properly supported, however, the nonmoving party may not simply rest upon the mere allegations or denials in his or her pleadings. Pa.R.C.P. 1035(d). In such a case, Rule 1035(d) requires that "by affidavits or as otherwise provided in this rule, [the nonmovant] must set forth specific facts showing that there is a genuine issue for trial." The purpose of Rule 1035(d) " 'is to assure that the motion for summary judgment may "pierce the pleading" and to require the opposing party to disclose the facts of his claim or defense.' " *Roland v. Kravco, Inc.*, 355 Pa.Super. 493, 501, 513 A.2d 1029, 1034 (1986) (quoting Goodrich Amran [sic] 2nd § 1035(d):5 at 460 (1976) (emphasis added by *Roland* court), *appeal denied*, 517 Pa. 599, 535 A.2d 1058 (1987). Thus, once the motion for summary judgment has been properly supported, the burden is upon the non-movant to disclose evidence that is

the basis for his or her argument resisting summary judgment. *Id.,* 355 Pa.Superior Ct. at 501, 513 A.2d at 1034.

*Id.,* 391 Pa.Superior Ct. at 346–347, 571 A.2d at 402 (footnotes omitted).

■ In an asbestos exposure case, summary judgment is properly entered in favor of a defendant when the plaintiff is unable to produce evidence from which a jury can find that the defendant's products were the cause of the plaintiff's injuries. In *Eckenrod v. GAF Corporation,* 375 Pa.Super. 187, 544 A.2d 50 (1988), *allocatur denied,* 520 Pa. 605, 533 A.2d 968 (1988), the Superior Court said:

In order for liability to attach in a products liability action, plaintiff must establish that the injuries were caused by a product of the particular manufacturer or supplier. *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975). Additionally, in order for a plaintiff to defeat a motion for summary judgment, a plaintiff must present evidence to show that he inhaled asbestos fibers shed by the specific manufacturer's product. *Wible v. Keene Corporation,* No. 86–4451 Slip op. (E.D.Pa. August 19, 1987) [available on WESTLAW, 1987 WL 15833]; *Anastasi v. Pacor, Inc.,* No. 6251 (C.P. Phila. Co., March 8, 1983) *aff'd* 349 Pa.Super. 610, 503 A.2d 44 (1985). Therefore, a plaintiff must establish more than the presence of asbestos in the workplace; he must prove that he worked in the vicinity of the product's use. *Pongrac v. Consolidated Rail Corp.,* 632 F.Supp. 126 (E.D.Pa.1985).

*Id.,* 375 Pa.Superior Ct. at 191, 544 A.2d at 52. See also: *Bushless v. GAF Corp.,* 401 Pa.Super. 351, 357, 585 A.2d 496, 499 (1990); *Samarin v. GAF Corp., supra,* 391 Pa.Super. at 351, 571 A.2d at 404.

In the instant case, James DeRocco, another steelworker, stated that a product known as Kaylo and manufactured by Owens Corning had been purchased and used at the steel plant in Monessen. However, he could not say when or where the Kaylo was used. This was important because in 1972 Owens Corning discontinued the use of asbestos in the

manufacture of Kaylo. After 1972, the product was free of all asbestos.

The plaintiff's own testimony also fails to disclose that he was ever exposed to asbestos fibers emanating from Kaylo manufactured by appellee. Although plaintiff, in his deposition testimony, said that he had worked periodically within one to twenty-five feet of pipecoverers and that he had inhaled dust generated by the workers' manipulation of asbestos materials, he could only place himself in proximity to Kaylo in the late 1970s and early 1980s. As we have already observed, however, the Kaylo manufactured and sold by Owens Corning after 1972 contained no asbestos.

The plaintiff-appellant argues that a jury could infer exposure to asbestos from DeRocco's testimony because, according to expert testimony, asbestos fibers drift far from their point of origin after they have been released into the air. On this basis, he argues that some of the asbestos fibers from Kaylo must have been inhaled prior to 1972. A similar argument was made in *Robertson v. Allied Signal, Inc.*, 914 F.2d 360 (3d Cir.1990). In a careful and well reasoned analysis of the evidence and correct application of Pennsylvania law, the Court concluded that expert testimony of fiber drift was valuable in assisting a plaintiff in meeting the *Eckenrod* standard, but that by itself it was insufficient to satisfy the quantum of evidence required by *Eckenrod.* The *Robertson* Court said:

> Of the three *Eckenrod* requirements, regularity, frequency and proximity, the fiber drift theory bears on proximity alone; it sheds no light on how often a particular product was used, nor does it establish how often a particular worker was present in an area into which fibers may have drifted. It is only when regularity and frequency are established that testimony implicating fiber drift and proximity becomes relevant.

> . . . .

> Our reading of Pennsylvania case law and the law in other jurisdictions bearing on causation in asbestos cases

convinces us that competent factually based expert testimony regarding fiber drift may be offered by a plaintiff where it rests on a properly laid foundation showing the frequency with which a defendant's product was used, the area in which it was used and the regularity of a plaintiff's employment within a zone covered by the reach of fiber drift. While the fiber drift theory may be useful in extending the zone of proximity, it cannot, standing alone, allow a plaintiff to circumvent the other requirements of *Eckenrod.*

*Robertson v. Allied Signal, Inc., supra* at 383 (footnote omitted).

Here, there was no evidence of when appellee's product had been used, where it had been used, or how frequently it had been used. There also was no evidence that the plaintiff-appellant had worked at or near a place where appellee's asbestos product had been used or manipulated. The motion for summary judgment could not be defeated by a mere showing that Owens–Corning's product had been present in a large steel plant at unspecified times and in unquantifiable amounts. Therefore, the entry of summary judgment by the trial court was proper. Appellant failed to show that he had been exposed to a product containing asbestos which had been manufactured by Owens–Corning.

Judgment affirmed.

POPOVICH, J., files a concurring statement.

POPOVICH, Judge, concurring.

I concur in the result. However, in my view, it was unnecessary to consider whether the *Eckenrod* standard was met in this case. As stated by the majority, the only evidence that the product Kaylo was present at the steel plant in Monessen was the deposition testimony of James DeRocco, another steelworker. His testimony was that Kaylo, manufactured by Owens Corning, was purchased and used at the plant. The majority points out that while Kaylo was still produced during the time of the appellant's

exposure to asbestos, it was free of all asbestos after 1972. There is no evidence that the purchase of the Kaylo product by the plant was made prior to 1972 or that the Kaylo used at the plant was in fact the Kaylo containing asbestos or the Kaylo which did not contain asbestos.

We therefore agree that appellant's allegations against Owens Corning cannot withstand appellee's motion for summary judgment but do so without necessity of reaching the *Eckenrod* analysis.