636 A.2d 1130

**Juleann DUCJAI, Appellant,**

v.

**Dawn DENNIS and Peter Tarvin.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1993.

Filed Jan. 27, 1994.

Peter O'Donnell, Wilkes–Barre, for appellant.

Michael J. Donohue, Scranton, for Dennis, appellee.

Before ROWLEY, President Judge, and MCEWEN, CIRILLO, OLSZEWSKI, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

ROWLEY, President Judge:

In this appeal, we address the question which Juleann Ducjai (hereinafter "appellant") has presented for our review [1], *to wit*, whether the exclusivity provision contained in

---

1. We observe that initially, this case was heard by a three-judge panel of this Court. There, appellant's only argument was that summary judgment was inappropriate in this case due to unresolved factual issues. However, following the original panel decision, appellee filed a petition for reargument, and a brief in support thereof. Appellant opposed the petition. The petition was granted and the matter was certified to be heard before this Court *en banc*. Appellant and appellee both filed supplemental briefs on reargument. It was at this juncture that appellant first raised the instant statutory construction issue. Although appellant technically waived this argument, in the interest of judicial economy, we will address it because appellant's summary judgment argument would have no validity if the premise upon which it

§ 72 of the Worker's Compensation Act (hereinafter "WCA"), 77 P.S. § 1, *et seq.*, is without force and effect in law since enactment of § 1719(a) of the Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL"), 75 Pa.C.S.A. § 1701 *et seq.* In other words, did the legislature intend to repeal § 72 *sub silencio* in all motor vehicle cases? Following an exhaustive review of the record, and the law relevant to this question [2], we decide that the legislature did not so intend. We conclude that worker's compensation benefits are the sole and exclusive remedy available to employees injured in a motor vehicle accident in the course and scope of their employment. Therefore, we affirm the trial court's order granting summary judgment in favor of Dawn Dennis (hereinafter "appellee"), defendant in the trial court.

The procedural and factual background of this case were accurately and succinctly summarized by the trial court, as follows:

> "The present matter was initiated by Praecipe of Summons filed by [appellant] on June 30, 1989, the resulting Writ in Summons being served on [appellee] on July 6, 1989 and on [a] co-defendant [Peter Tarvin] on July 7, 1989.
>
> \* \* \* \* \* \*
>
> [Appellant] filed her complaint on January 17, 1991. In her complaint, [appellant] alleges that on July 27, 1987, she was a passenger in an automobile operated by [appellee]; that the vehicle operated by [appellee] collided with a pickup truck operated by co-defendant; that both [appellee] and

was founded, *to wit*, that the legislature had changed the law *sub silencio*, was unsound. In her initial appearance before this Court appellant attempted to reach step two of the analysis without reaching step one. Because we conclude, in the first step of the analysis, that the legislature did not intend to repeal § 72 of the WCA insofar as it relates to motor vehicle cases, appellant's original argument (that there are unresolved issues of material fact) is irrelevant such that we need not address it.

2. It should be noted that in our review, we examined the Legislative History of the MVFRL, in an effort to determine the intent behind enactment of § 1719(a) as it relates to worker's compensation benefits. However, our efforts in this regard were to no avail.

co-defendant operated their respective vehicles negligently, as a result of which she sustained enumerated injuries." (Trial Court Opinion, 3/31/92, p. 1–2).

Further, the trial court stated in its well-reasoned opinion that:

"[t]he record before us establishes unequivocally that [appellant] was an employee of the Y.M.C.A. at Camp Kresge at the time of the accident; that [appellee] was [appellant's] co-employee [when the accident occurred]; that, pursuant to the directions of the Director at Camp Kresge, [appellant] and [appellee] were driving to the Y.M.C.A. in Wilkes–Barre [when the accident happened]; and that [appellant] has received worker's compensation benefits provided by the Y.M.C.A. as a result of the accident."

*Id.* at p. 6–7.

After the pleadings were closed, appellee filed a motion for summary judgment with the trial court contending that she was entitled to judgment as a matter of law pursuant to 77 P.S. §§ 72 and 481(a). Neither appellant nor the co-defendant filed a brief in opposition to the motion. On March 30, 1992, the trial court granted appellee's motion. Appellant filed a motion for reconsideration, which the trial court granted. The March 30th order was vacated and appellant was given five (5) days in which to file a brief in opposition to appellee's summary judgment motion. On May 8, 1992, after considering the briefs of both appellant and appellee, the trial court once again granted summary judgment in favor of appellee. This timely appeal followed.

The standard by which the grant of summary judgment must be reviewed is well-settled, and has been stated by this Court, as follows:

"A motion for summary judgment may properly be granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.' Pa.R.C.P. 1035(b). *See also Rybas v. Wapner*, 311 Pa.Super. 50, 52, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment the [trial] court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman*, 322 Pa.Super. 121, 123, 469 A.2d 212, 213 (1983); *Wilk v. Haus*, 313 Pa.Super. 479, 480–482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra.* at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester*, 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977). *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930–931 (1984). *Accord Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 203–204, 412 A.2d 466, 468–469 (1979); *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 231, 464 A.2d 1313, 1316 (1983); *Rybas v. Wapner*, 311 Pa.Super. 50, 51, 457 A.2d 108, 109–110 (1983). However, parties seeking to avoid entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, they are required to show, by depositions, answers to interrogatories, admissions or affidavits, that there is a genuine issue for trial. Pa.R.C.P. 1035(d). The court, in ruling upon a motion for summary judgment, must ignore controverted facts contained in the pleadings. *Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973); *Younginger v. Heckler*, 269 Pa.Super. 445, 410 A.2d 340 (1979). The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and

*only* those allegations in the pleadings that are uncontroverted. *Phaff v. Gerner, supra."*

*Washington Federal Savings & Loan Assoc. v. Stein,* 357 Pa.Super. 286, 288–289, 515 A.2d 980, 981 (1986) (emphasis in original).

Further, it has been stated by this Court that:

"[o]nce a motion for summary judgment is made and is properly supported . . . the nonmoving party may not simply rest upon the mere allegations or denials in his or her pleadings. Pa.R.C.P. 1035(d). In such a case, Rule 1035(d) requires that 'by affidavits or as otherwise provided in the rule, [the nonmovant] must set forth specific facts showing that there is a genuine issue for trial.' The purpose of Rule 1035(d) 'is to assure that the motion for summary judgment may 'pierce the pleading' and to require the opposing party to disclose the facts of his claim or defense.' *Roland v. Kravco, Inc.,* 355 Pa.Super. 493, 501, 513 A.2d 1029, 1034 (1986) (*quoting* Goodrich Amran [sic] 2nd § 1035(d):5 at 460 (1976) (emphasis added by *Roland* court), [*alloc.*] *denied,* 517 Pa. 599, 535 A.2d 1058 (1987). Thus, once the motion for summary judgment has been properly supported, the burden is upon the nonmovant to disclose evidence that is the basis for his or her argument resisting summary judgment. *Id.* at 501, 513 A.2d at 1034.

*Fiffick v. G.A.F. Corp.,* 412 Pa.Super. 261, 264–265, 603 A.2d 208, 210 (1992), *quoting, Samarin v. G.A.F. Corp.,* 391 Pa.Super. 340, 346–347, 571 A.2d 398, 402 (1989).

In the instant case, appellee contends that the trial court's order granting her summary judgment should be affirmed because she was entitled to judgment as a matter of law pursuant to § 72 and § 481(a) of the WCA. 77 P.S. § 72 provides that:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same

employ as the person disabled or killed, except for intentional wrong."

Further, 77 P.S. § 481(a) states that "[t]he liability of an employer under this act shall be *exclusive* and *in place of any and all other liability* to such employees. . . ." (emphasis added).

Appellant, on the other hand, strenuously argues that § 1719(a) of the MVFRL is a special provision which, pursuant to the rules of statutory construction delineated in 1 Pa.C.S.A. § 1901, *et seq.,* acts as an exception to the more general provision contained in § 481(a) of the WCA. Further, appellant claims that 77 P.S. § 481(a) and 75 Pa.C.S.A. § 1719(a) are "irreconcilable," such that, pursuant to the principles of statutory construction, the most recent provision, contained in the MVFRL, must prevail [3]. Section 1719 of the MVFRL provides, in pertinent part, as follows:

(a) **General Rule.**—*Except for worker's compensation,* a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits) 1712 (1) and (2) (relating to availability of benefits) or 1715 (relating to availability of adequate limits) shall be construed to contain a provision that all benefits provided therein shall be in excess of and *not* in duplication of any valid and collectible first party benefits provided in section 1711, 1712, or 1715 *or worker's compensation."*

75 Pa.C.S.A. § 1719(a). (emphasis added).

Our research has revealed no cases which address the precise issue of whether or not, since passage of the MVFRL,

---

**3.** The MVFRL, specifically § 1719(a), took effect on October 1, 1984. The WCA was originally enacted on June 2, 1915 and was thereafter amended several times. Recently, the WCA was again amended by the legislature, to be made effective as follows: the repeal of §§ 1735 and 1737 was immediate and the modification of §§ 1720 and 1722 took effect on August 31, 1993.

Parenthetically, we observe that the MVFRL's predecessor, the Pennsylvania No–Fault Motor Vehicle Insurance Act, was approved on July 19, 1974, and was made effective as of July 19, 1975.

a person may recover *both* worker's compensation benefits from her employer, *and* damages at common law from her co-employee, as a result of a motor vehicle accident which occurred while the co-employee was driving her own vehicle in the scope and course of their employer's business. We do note, however, that *prior* to passage of the MVFRL, both this Court and the Pennsylvania Supreme Court addressed analogous factual scenarios and held that one co-worker is immune from common law tort liability for injuries sustained by another co-worker in a motor vehicle accident which occurred while both individuals were acting within the course and scope of employment. Simply put, both courts decided that the worker's compensation benefits received by an employee were intended by the legislature to be the sole and exclusive avenue of recovery for a work-related injury[4].

In *Apple v. Reichert,* 443 Pa. 289, 278 A.2d 482 (1971), the Pennsylvania Supreme Court upheld this Court's decision refusing to strike a non-suit entered in favor of plaintiff's co-worker. As noted by appellee, the facts of *Apple* are strikingly similar to those in the instant case. In *Apple,* as in this case, two co-workers were driving in an automobile privately owned by one of them while *en route* from one place of

---

**4.** It should be noted that in *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983), the Pennsylvania Supreme Court considered a challenge to the constitutionality of the exclusivity provision of the WCA here at issue and found it to be constitutional. In so concluding, the Court flatly stated that "[c]onsistent with a plain reading of the [Worker's Compensation] Act, its intent and purpose, we have held that workmen's compensation is the *exclusive remedy* for job related injuries." *Id.* at 254, 469 A.2d at 159. (emphasis added). Further, the Court reasoned:

"[t]o change, alter or abolish a remedy lies within the wisdom and power of the legislature and in some instances, the courts. Access to a tribunal is not denied when the tribunal has no jurisdiction to entertain the claim or the remedy. Time and circumstances require new remedies to adjust to new and unforeseen losses and conditions. To do so, facets of the society often require new immunities or larger responsibility, as the legislature may determine. The workmen's compensation law has deprived some [employees] of rights in exchange for surer benefits, [and has] immunized some, to make possible resources to benefit many, who w[ ]ere heretofore without possible or practical remedies."
*Id.* at 255, 469 A.2d at 160.

employment to another, with the express authorization of their supervisor, when they were involved in a collision with another car. In the instant case, as in *Apple*, the plaintiff-appellant sued both her co-employee and the driver of the other vehicle for personal injuries which she sustained in the accident. And, finally, in both cases, plaintiff-appellant made a claim for, and subsequently received, benefits under the Worker's Compensation Act as a result of her injuries sustained in the work-related accident.

In *Apple*, the trial court concluded that both appellant and appellee were acting within the scope and course of their employment, that the WCA was applicable and that 77 P.S. § 72 provided immunity from liability for appellee such that a compulsory non-suit was entered in favor of appellee. *Id.* at 292, 28 A.2d at 483. In the present action, the trial court also concluded that appellant and appellee were "in the same employ" such that 77 P.S. § 72 immunized appellee from liability for appellant's injuries resulting from the work-related accident.

In *Apple*, as in the instant case, appellant argued on appeal that her co-worker should not be immunized from liability both because the parties were not acting within the scope of their employment at the time of the accident and because the purpose of the WCA was to prevent recovery against the employer's liability carrier, not to protect employees from liability to their fellow employees. This Court and the Supreme Court affirmed the trial court's conclusions in *Apple*, and, for the same reasons, we do likewise in the present appeal.

In *Apple*, our high Court stated unequivocally that "[t]he language of the amendment ... clearly provides that a co-employe is immune from liability for his negligent act resulting in injury to his fellow employe." *Id.*, 443 Pa. at 292, 278 A.2d at 483. The Court further opined:

"Nor do we see merit in appellant's argument that the grant of immunity should be denied because this would provide a windfall for appellee's liability insurer. While we

can speculate that the legislature was more interested in fellow employee immunity for on-premises accidents due to negligence where the negligent employe is not likely to have liability insurance coverage, and we are aware that the employe's automobile carrier here benefits rather than the employer's compensation carrier, *nevertheless we are not free to rephrase clear language of a statute in aid of a plaintiff even in circumstances like those in this case. . . .*

We read the amending Act as *clearly phrased* to protect all co-employes in *all situations* where negligent conduct of one employe may cause injury to a fellow employe, provided *only* that the injury in question is one that is compensable under the Act."

*Id.* at 294, 278 A.2d at 485.   (emphasis added).

Ten years after the Supreme Court's decision in *Apple,* this Court considered the case of *Sylvester v. Peruso,* 286 Pa.Super. 225, 428 A.2d 653 (1981).   In *Sylvester,* the plaintiff and defendant were co-employees who were involved in a car accident while driving to work in a company automobile. Although there was no contract requiring that their employer provide transportation for its employees, defendant had been directed to drive plaintiff to work in a company car by his employer, Stylecraft Fashions, Inc.   At the time of the accident, defendant "had been driving the plaintiff to work for a period of eight (8) to ten (10) years."   *Id.* at 227, 428 A.2d at 654.

As a result of the incident, plaintiff sustained physical injuries and received workmen's compensation benefits.   She then brought a civil action against the driver of the car and her employer.   Both defendants filed motions for summary judgment, which the trial court granted after concluding that the plaintiff was precluded from maintaining a civil action against either defendant because the *sole remedy* for her injuries was under the WCA.

In affirming the trial court's order granting summary judgment, this Court concluded that:

"[b]ecause plaintiff received Workmen's Compensation benefits from her employer [to compensate her for the injuries she sustained in the accident] we hold that the Workmen's Compensation Act constitutes her *sole* remedy *and that she cannot maintain civil actions against* either her employer or *her co-employee* for injuries she received as a result of the May 20, 1977 accident."

*Id.* at 228, 428 A.2d at 655. (emphasis added). This Court reasoned further that:

". . . plaintiff filed for and received Workmen's Compensation benefits thereby asserting her status as an employee engaged in the course of her employment at the time of the accident. To permit her now to disclaim such status so that she is able to pursue other benefits would be grossly unfair and would defeat the legislative purposes of the Workmen's Compensation Act . . ."

*Id.* at 228, 428 A.2d at 655.

Given the holdings of both *Apple* and *Sylvester,* the question now becomes whether, by passing the MVFRL, the legislature implicitly altered the state of the law regarding a co-employee's tort liability for injuries sustained in a car accident occurring in the course and scope of employment. We conclude that it did not.

Although appellant relies upon § 1719(a) of the MVFRL and a recent Supreme Court decision, *Kohler v. McCrory Stores,* 532 Pa. 130, 615 A.2d 27 (1992), neither authority states, or even suggests, that the MVFRL overruled the exclusivity provision of the WCA, by permitting a plaintiff to maintain a common law tort claim against her co-employee merely because the injury occurred in a car rather than on the employer's premises [5]. In fact, two recent cases, decided by

5. In *Kohler, supra:*
"the question before th[e] [Supreme] Court [wa]s whether an employee can set forth a valid cause of action against his employer under the personal animus exception to the Pennsylvania Workmen's Compensation Act ('Act') for non-work-related injuries inflicted by a co-worker solely for personal reasons, where the injured employee has previously accepted benefits pursuant to the Act. [The Court] h[e]ld that only a final adjudication of work-relatedness can estop an

our Supreme Court, have taken the position opposite to that advanced by appellant, albeit in different contexts than that involved in the present appeal.

Most importantly, in *Hackenberg v. SEPTA*, 526 Pa. 358, 586 A.2d 879 (1991), the Supreme Court specifically held that the MVFRL did *not* generally supersede the exclusivity provision of the WCA. There, an employee sued his employer, the Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), to recover damages he sustained in a car accident with an uninsured motorist while he was acting within the course and scope of employment. The trial court granted summary judgment in favor of the employer based on the exclusivity provision of the WCA and this Court affirmed.

In upholding this Court's decision, the Supreme Court concluded that employees injured within the scope of their employment could not receive uninsured and underinsured motorist benefits against self-insured employers, because to do so would violate the exclusivity provision of the WCA[6]. In arriving at this conclusion, our high Court opined as follows:

> "We disagree that section 1936 of the Statutory Construction Act requires the more recently enacted MVFRL to supersede the terms of the Workmen's Compensation Act. It is improper to resort to a comparison of dates of enactment unless the statutes in question cannot be construed so as to give effect to both. Section 1933 of the Statutory Construction Act provides:
>
> > Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions

employee from asserting that *his* injuries are not work-related for purposes of maintaining an action against his employer under the personal animus exception to the Act."
*Id.*, 532 Pa. at 134, 615 A.2d at 29. We do not find any guidance in *Kohler* regarding the question now before us.

**6.** The *Hackenberg* Court refers to § 303(a) of the WCA in its opinion. § 303(a) has been codified at 77 Pa.S. § 481(a).

shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. Applying the analysis of section 1933 of the Statutory Construction Act, the requirement of section 1787 of the MVFRL that self-insured entities provide uninsured motorist coverage is, on the facts of this case, in irreconcilable conflict with the requirement of section 303(a) of the Workmen's Compensation Act that worker's compensation benefits are the sole and exclusive liability of an employer for an employee's work-related injury. Section 303(a) of the Workmen's Compensation Act, however, is clearly a special provision since it concerns a narrow class of accidents (those involving employees who are making claims against their employers), and it prevails over the more general terms of the MVFRL unless it is the *manifest intention of the General Assembly* that the general provision prevail. The legislature has not manifested such an intention. *We conclude, therefore, that section 303(a) of the Workmen's Compensation Law is an exception to the general rule of Section 1787 of the MVFRL,* and that under the terms of the MVFRL a self-insured employer may not be required to pay both uninsured motorist benefits and worker's compensation benefits to an employee who has received a work-related injury."

*Id.,* 526 Pa. at 369–370, 586 A.2d at 884–885. (emphasis added).

Secondly, in *Alston v. St. Paul Insurance Companies,* 531 Pa. 261, 612 A.2d 421 (1992), the Supreme Court considered the issue of whether "an employee who sustains an injury covered by the Pennsylvania Workmen's Compensation Act ... may assert a separate tort action for injuries allegedly arising out of malicious and fraudulent conduct and abuse of the legal process to terminate workmen's compensation benefits by agents of the employer's insurance carrier." *Id.* at 262, 612 A.2d at 421. There, it was held that the workmen's compensation system, pursuant to the exclusivity provision of

the WCA, encompasses *all* disputes over coverage and payments of benefits, including actions taken by the employer's insurance carrier or its agents.

Finally, we observe that just recently, in amending the WCA, the legislature explicitly repealed and modified a number of provisions contained in the MVFRL. Sections 1735 and 1737 of the MVFRL were repealed absolutely while §§ 1720 and 1722 were repealed insofar as they related to worker's compensation benefits. As a result of the new laws, a worker's compensation carrier may now seek subrogation for any benefits paid in connection with actions arising out of the maintenance or use of a motor vehicle. Correlatively, an employee injured in the course and scope of employment may *not* pursue recovery of uninsured or underinsured motorist benefits in addition to the benefits he receives from worker's compensation.

We believe that these changes in the law were intended by the legislature to proclaim the supremacy of the WCA's exclusivity provision and to reaffirm the principle that an employee may not seek double recovery for a work-related injury. The legislature has tried time and again to make it clear that worker's compensation benefits are to be the exclusive remedy for employment-related injuries, save for those intentionally inflicted. Given the legislative treatment of the entire concept of worker's compensation, we cannot find any reasonable basis for concluding that the legislature intended to repeal § 72 of the WCA by inference. Had the legislature intended to expand the remedies available to an employee injured in a motor vehicle accident, we believe that it would have expressed that intent clearly (by including it in its recent amendments) rather than *sub silencio*.

■ Because the legislature did *not* express such an intent, and because the Supreme Court has strictly construed the exclusivity provision of the WCA generally, we must conclude that the holdings of both *Apple* and *Sylvester* still control cases such as the instant one. Section 72 of the WCA operates to immunize appellee from common law tort liability

in this case such that appellant simply is not entitled to bring suit against her co-employee for injuries sustained in a car accident where both she and her co-employee were acting within the scope and course of their employment. As our Supreme Court observed in *Kline*, "[t]he Workmen's Compensation Act *explicitly* states that it is the *exclusive* avenue of compensation...." *Kline*, 503 Pa. at 256–257, 469 A.2d at 161. (emphasis added).

Order granting summary judgment is affirmed.

CIRILLO, J., files a concurring statement.

CIRILLO, Judge, concurring.

Section 72 of the Worker's Compensation Act (the Act), 77 P.S. § 72, abrogates common law liability of one employee to another for negligence, provided that the injury is one compensable under the Act. *See Apple v. Reichert*, 443 Pa. 289, 278 A.2d 482 (1971); *Jadosh v. Goeringer*, 442 Pa. 451, 275 A.2d 58 (1971); *Babich v. Pavich*, 270 Pa.Super. 140, 411 A.2d 218 (1980). There have been few cases in which the courts of this Commonwealth have carved out an exception to the exclusivity provision of the Act, 77 P.S. 481(a), or co-employee immunity. *Cf. Apple, supra; Sylvester v. Peruso*, 286 Pa.Super. 225, 428 A.2d 653 (1981).

There are two recent cases from this court, however, which I believe warrant mention relative to the issue presented today: *Ferry v. Liberty Mutual Insurance Co.*, 392 Pa.Super. 571, 573 A.2d 610 (1990) and *Chatham v. Aetna Life & Casualty Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1990). Additionally, I believe that the effect, if any, of our Supreme Court's decision in *Selected Risks Ins. Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989) on the *Apple* decision merits consideration.

Although *Ferry* and *Chatham* pertained to uninsured motorist benefits, and the instant case involves first party benefits, in both *Ferry* and *Chatham* this court construed the MVFRL as a source of recovery separate from worker's

compensation benefits. The *Chatham* court, guided by the Supreme Court's decision in *Thompson,* stated:

> [W]e take our direction from *Thompson,* the most recent pronouncement from the high court revealing that the MVFRL can be interpreted to sanction, in graphic terms, the Legislature's condonation of a claimant/employee's right to secure both work[er]'s compensation and uninsured motorist benefits resulting from work related injuries.

*Chatham,* 391 Pa.Super. at 59–60, 570 A.2d at 512. In *Ferry,* our court, relying upon *Thompson* and *Chatham,* reversed entry of summary judgment and agreed with the appellant's argument that the MVFRL provides a separate source of recovery for employees injured by uninsured motorists that is independent of the exclusive remedy for work-related accidents under the Worker's Compensation Act. *Ferry,* 392 Pa.Super. at 572–574, 573 A.2d at 611.

Prior to the legislative amendment to the MVFRL,[1] Subchapter C, entitled "Uninsured and Underinsured Motorist Coverage," provided an exception to the exclusivity clause of the Worker's Compensation Act:

> **§ 1735. Coverages unaffected by workers' compensation benefits**
>
> The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury.

75 Pa.C.S. § 1735.

Subchapter B, entitled "Motor Vehicle Liability Insurance First Party Benefits," does not include a similar exception; it does, however, include provisions which make reference to workers' compensation benefits as a separate recovery or set-off against other benefits. Section 1719 provides:

> **§ 1719. Coordination of benefits**
>
> **(a) General rule.**—Except for workers' compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract,

---

1. Act No. 1993–44, S.B. No. 1, § 25(a) and (b), Approved July 2, 1993.

382

or other arrangement for payment of benefits ... shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in section 1711, 1712, or 1715 or workers' compensation.

75 Pa.C.S. § 1719(a). Section 1720 provides:

### § 1720. Subrogation

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

75 Pa.C.S. § 1720.

The Legislature repealed absolutely section 1735 of the MVFRL,[2] and it repealed section 1720 of MVFRL[3] insofar as it relates to worker's compensation benefits. Though both repeals were effective after this appeal was taken, the legislature's actions do lend hindsight in this case and credence to the result. I submit, however, that prior to this recent legislative amendment, the law did not say with certainty that appellee Dennis was entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Rybas v. Wapner*, 311 Pa.Super. 50, 52, 457 A.2d 108, 109 (1983).

---

**2.** Effective July 2, 1993.

**3.** Effective August 31, 1993.