## Nationwide Insurance Co. v. Myers

C.P. of Monroe County, no. 1385 Civil 1996.

*Paul M. Schaffer,* for plaintiff.
*James A. Swetz,* for defendant Myers.

*Timothy G. Lenahan,* for defendant Progressive Insurance.

O'BRIEN, *J.,* July 18, 1996—Nationwide Insurance Company, which issued an automobile insurance policy to defendant Amy Mattis Myers, commenced this declaratory judgment action against its insured and her employer's insurance company to determine which company has the obligation to provide underinsurance benefits to Amy Mattis Myers as a result of an automobile accident. Defendant Progressive Insurance Company has filed an answer denying any such responsibility on its part and the defendant Amy Mattis Myers has filed an answer demanding that the responsible insurance carrier "proceed to arbitration without further delay." The insured has now filed a motion for summary judgment which, following the submission of briefs and oral argument by counsel for all three parties, is before the court for disposition.

Although counsel have couched their arguments in the procedural posture of a motion for summary judgment, the explicit prayer of the insured's answer demanding arbitration by the responsible insurance carrier mandates a different procedural setting. The Declaratory Judgments Act provides in pertinent part as follows:

"Exceptions.—Relief shall not be available under this subchapter with respect to any: . . .

"(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court. . . ." (42 Pa.C.S. §7541(c).)

It is undisputed that the plaintiff's automobile insurance policy with its insured requires arbitration of any dispute with respect to underinsurance coverage. (See page 19 of exhibit "A" to plaintiff's complaint.)

In *Erie Insurance Exchange v. Midili,* 450 Pa. Super. 279, 675 A.2d 1267 (1996), our Superior Court held that where an insured demands arbitration of an underinsured motorist coverage claim our duty is to determine whether or not to compel such arbitration. As noted in that case, our decision dictates a different procedural course than that implicated by granting a declaratory judgment.

On May 31, 1994, defendant Amy Mattis Myers was a passenger in an automobile owned by her employer and insured by defendant Progressive Insurance Company. The automobile was involved in an accident resulting in personal injuries to Myers. Following the motor vehicle accident, her employer paid medical expenses and wage loss to her pursuant to its obligation under the Workers' Compensation Act. Myers also brought an action against the third party tort-feasor who caused the accident and collected the policy limits of $15,000 from the tort-feasor's liability insurance carrier. Since Myers had a personal automobile insurance policy with Nationwide Insurance Company at the time of the accident, she made a claim against Nationwide pursuant to the provisions of the policy's "underinsured motorist coverage."

Nationwide denied Myers' claim premised on the following provision of their policy:

"OTHER INSURANCE

"If there is other insurance:

"(1) For *bodily injury* suffered by an *insured* while *occupying* a *motor vehicle you* do not own, *we* will pay the insured loss not covered by other insurance.

"(2) Except as stated above, if you have other insurance similar to this coverage under another policy, *we* will be liable for only *our* share of the loss. *Our*

share is *our* proportion of the total insurance limits for the loss.

"(3) In any event, if more than one policy applies to an *insured* other than *you* or a *relative,* total limits applicable will be considered not to exceed the highest limits of any one of them." (See page 20 of exhibit "A" to plaintiff's complaint.)

Nationwide contends that the foregoing provision precludes any obligation for underinsured motorist coverage to Myers "since Progressive Insurance Company insures the vehicle which the defendant Amy Mattis Myers was occupying at the time of the accident, Nationwide's underinsured motorist coverage is excess to that provided by Progressive Insurance Company."

On the other hand, Progressive Insurance Company contends that where an employee is already receiving workers' compensation benefits and medical expenses from her employer pursuant to the Workers' Compensation Act, she is precluded from recovering other benefits such as underinsured coverage protection on the policy covering the employer's automobile. In support of this contention, counsel for Progressive cites the following pertinent provision of the Workers' Compensation Act:

"(a) The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees, his legal representatives, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death. . . ." (77 P.S. 481.)

Counsel for Progressive also relies upon the legislature's repeal effective July 1, 1993 of the following provision of the Motor Vehicle Financial Responsibility Law:

"Notwithstanding anything contained in the Act of June 2, 1915 (P.L. 736, no. 338), known as the Pennsylvania Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy under this chapter or the Act of August 14, 1963 (P.L. 909, no. 433), entitled "An Act requiring, with limitations, that insurance policies insuring against loss, occurring in connection with motor vehicles provide protection against certain uninsured motorists [the Uninsured Motorist Act]." (75 Pa.C.S. §1737.)

Although counsel correctly contend that this is an issue of first impression in this Commonwealth, recent pronouncements in related litigation provide guidance as to the inclination of our appellate courts on similar issues. In *Ducjai v. Dennis,* 431 Pa. Super. 366, 636 A.2d 1130 (1994), President Judge Rowley, writing for the Superior Court sitting en banc, observed as follows: "these changes in the law were intended by the legislature to proclaim the supremacy of [the Workers' Compensation Act's] exclusivity provision and to reaffirm the principle that an employee may not seek double recovery for a work-related injury. The legislature has tried time and again to make clear that workers' compensation benefits are to be the exclusive remedy for employment-related injuries, save for those intentionally inflicted." *Id.* at 379, 636 A.2d at 1137.

In *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995), Justice Montemuro, writing for the Supreme Court in an opinion shared by a majority of the present members of that court, quoted the foregoing language of the Superior Court with approval in affirming the Superior Court's decision. Justice Montemuro added that the repeal of section 1737 of the Motor Vehicle

Financial Responsibility Law in 1993 has assured that double recovery by a workmen's compensation beneficiary is no longer permitted. Justice Cappy in his concurring opinion added the following rationale:

"Thus, the employer has already assumed liability and the purpose of section 481 is to limit the amount of damages the employee can receive. In the cases discussed by the majority, the respective plaintiffs obtained workers' compensation benefits from their employer (who therefore has conceded liability), but were also trying to obtain insurance benefits under their employer's policy of motor vehicle insurance. Clearly, the exclusivity of remedies provision, section 481, is implicated in those scenarios, since the employer has conceded liability, and thus the question remains: to what damages is the employee entitled?" *Id.* at 115, 656 A.2d at 108.

Any logical interpretation of the policy language, "if there is other insurance for bodily injury," is made easy by the foregoing rationale.

Therefore, we conclude plaintiff Nationwide's contention, that defendant Myers may access the underinsured motorist coverage afforded by the defendant Progressive's policy on the employer's automobile, is without merit. Clearly Myers is entitled to compel Nationwide to proceed to arbitration without further delay on her claim with respect to her own automobile policy.

## ORDER

And now, July 18, 1996, the prayer of defendant Amy Mattis Myers' motion is granted and Nationwide Insurance Company is directed to immediately proceed to arbitration with respect to her claim for underinsured motorist coverage.