## Cumberland v. Owens-Corning Fiberglas Corp.

C.P. of Butler County, no. 91-248 M.

*Craig E. Coleman,* for plaintiffs.

*John L. Vitsas* and *Joseph Silvaggio,* for defendants.

HORAN, *J.,* February 7, 2000—Presently before the court for consideration are two motions for summary judgment, to wit, motions by Owens-Illinois Inc. and George V. Hamilton Inc. The motion of Owens-Illinois is unopposed by plaintiffs, and, therefore, is granted. The motion of Hamilton, for the reasons set forth below, is granted.

## FACTS

According to his deposition testimony of May 6, 1992, plaintiff Marshall Cumberland had worked at the Armco Steel Plant in Butler, Pennsylvania, from October 1964 through the date of the deposition. For his first six months at the plant, Mr. Cumberland worked as a laborer in the open hearth, cold mill, continuous mill, pickle department, stainless finishing section, the hot mill and slab mill. (Deposition of Marshall Cumberland at 20-21.) From 1965 through the date of his deposition, Mr. Cumberland worked in "2 Aisle," or the continuous mill and pickle department, as a cleanup man, scrap man, feeder, coiler man, sheer man and welder. (Dep. of Cumberland at 23-25.) These jobs entailed work throughout the plant, in proximity to the furnaces, steam lines, and water lines. Specifically, as a scrap or cleanup man, he worked in the "pickle house." (Dep. of Cumberland at 31.) Mr. Cumberland testified that the steam lines in the pickle house were covered with asbestos pipe insulation. He further testified that he leaned against the asbestos covering on the steam lines when working on them. (Dep. of Cumberland at 31-33.)

Mr. Cumberland also provided testimony relative to his specific job duties for the above-identified jobs. When

he worked in cleanup and as a scrap man, he was responsible for emptying scrap boxes, shoveling, sweeping and emptying garbage barrels around the department. (Dep. of Cumberland at 25-26.) As a feeder, he fed coils into a coiling unit. As a coiler man, he was responsible for operating the coiler, and, as such, would have control over the speed of the unit. As a sheer man, he would "cut the welds out a coil." Finally, as a welder, Mr. Cumberland indicated that he made welds. (Dep. of Cumberland at 26.)

Plaintiffs submitted deposition testimony of several employees of John R. Ellison and Sons, a pipe-fitting contractor that put pipe valves, fittings and insulation on furnace and steam lines at Armco. These employees identified Kaylo block and pipe insulation as asbestos insulation that was used at Armco. Further testimony was offered that Ellison obtained their insulation materials from defendant Hamilton. One such employee, Thomas E. Ellison, testified that in his capacity as a truck driver for Ellison, he picked up Kaylo insulation at Hamilton's place of business which he then delivered to the Butler Armco plant.

Although there is evidence that defendant Hamilton supplied asbestos-containing products to Butler Armco, there is no evidence of Mr. Cumberland's identification of specific asbestos-containing products by name or such products supplied by defendant Hamilton, such as Kaylo. Mr. Cumberland did not indicate that he was exposed to, or breathed, dust created from the installation or removal of pipe or steam line covering. Moreover, no evidence was produced that Mr. Cumberland specifically worked in the vicinity of Ellison employees during his tenure at Armco.

## LEGAL STANDARD

In *Samarin v. GAF Corp.,* 391 Pa. Super 340, 571 A.2d 398 (1989) the Superior Court reiterated the standard of review governing a motion for summary judgment:

"A motion for summary judgment may properly be granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Pa.R.C.P. 1035(b). . . . In passing upon a motion for summary judgment the court must examine the record in the light most favorable to the non-moving party. . . . It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. . . . Any doubt must be resolved against the moving party. . . . The court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings. . . . The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and *only* those allegations that are uncontroverted." *Id.* at 346, 571 A.2d at 401-402, citing *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 288, 515 A.2d 980, 981 (1986). (citations omitted)

The *Samarin* court then added that:

"Once a motion for summary judgment is made and is properly supported, however, the non-moving party may not simply rest upon the mere allegations or denials in his or her pleadings. Pa.R.C.P. 1035(d). In such a case, Rule 1035(d) requires that 'by affidavits or as otherwise provided in this rule, [the non-movant] must set forth

156

specific facts showing that there is a genuine issue for trial.' The purpose of Rule 1035(d) *'is to assure that the motion for summary judgment may "pierce the pleading" and to require the opposing party to disclose the facts of his claim or defense.'* *Roland v. Krayco Inc.,* 355 Pa. Super. 493, 501, 513 A.2d 1029, 1034 (1986) (quoting Goodrich-Amram 2d §1035(d):5 at 460 (1976)) (emphasis added by *Roland* court), *appeal denied,* 517 Pa. 599, 535 A.2d 1058 (1987). Thus, once the motion for summary judgment has been properly supported, the burden is upon the non-movant to disclose evidence that is the basis for his or her argument resisting summary judgment. *Id.* at 501, 513 A.2d at 1034." *Samarin, supra* at 346-47, 571 A.2d at 402. (footnotes omitted)

In *Godlewski v. Pars Manufacturing Co.,* 408 Pa. Super. 425, 597 A.2d 106 (1991), the Superior Court explained that:

"It is clear that if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials, which indicate that the plaintiff is unable to satisfy an element of his cause of action. See *Eckenrod v. GAF Corp.,* [375 Pa. Super. 187, 544 A.2d 50 (1988)] (wherein, by approving grants of summary judgment on motions that were based upon the failure of the plaintiffs to satisfy an element necessary of their case, we *impliedly* utilized this principle); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (wherein the Supreme Court considered the language of F.R.C.P. 56(c), which is similar to that set forth in Pa.R.C.P. 1035(b) and *explicitly* indicated the same)." *Id.* at 431-32, 597 A.2d at 109-110. (emphasis in original)

The standard of review for a motion for summary judgment based upon a lack of product identification in an asbestos exposure case has been further refined. In *Fiffick v. GAF Corp.,* 412 Pa. Super. 261, 603 A.2d 208 (1992), the Superior Court reiterated that standard:

"In an asbestos exposure case, summary judgment is properly entered in favor of a defendant when the plaintiff is unable to produce evidence from which a jury can find that the defendant's products were the cause of the plaintiff's injuries. In *Eckenrod v. GAF Corporation,* 375 Pa. Super. 187, 544 A.2d 50 (1988), *allocatur denied,* 520 Pa. 605, 533 A.2d 968 (1988), the Superior Court said:

"In order for liability to attach in a products liability action, plaintiff must establish that the injuries were caused by a product of the particular manufacturer or supplier. *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975). Additionally, in order for a plaintiff to defeat a motion for summary judgment, a plaintiff must present evidence to show that he inhaled asbestos fibers shed by the specific manufacturer's product. *Wible v. Keene Corp.,* no. 86-4451 slip op. (E.D. Pa. August 19, 1987) [available on Westlaw, 1987 W.L. 15833]; *Anastasi v. Pacor Inc.,* no. 6251 (C.P. Phila. Co. March 8, 1983); *aff'd,* 349 Pa. Super. 610, 503 A.2d 44 (1985). Therefore a plaintiff must establish more than the presence of asbestos in the workplace; he must prove that he worked in the vicinity of the product's use. *Pongrac v. Consolidated Rail Corp.,* 632 F. Supp. 126 (E.D. Pa. 1985).

"*Id.* at 191, 544 A.2d at 52. See also, *Bushless v. GAF Corp.,* 401 Pa. Super. 351, 357, 585 A.2d 496, 499 (1990); *Samarin v. GAF Corp., supra,* 391 Pa. Super. at

351, 571 A.2d at 404." *Fiffick, supra* at 265, 603 A.2d at 210.

The *Eckenrod* court concluded by succinctly stating that "[w]hether a plaintiff could successfully . . . defeat a motion for summary judgment by showing circumstantial evidence depends upon the frequency of the use of the product and the regularity of plaintiff's employment in proximity thereto." *Eckenrod, supra* at 192, 544 A.2d at 53, citing *Schmidt v. Johns-Manville Corp.,* no. 80-3339 slip op. (D.Md. November 30, 1982).

## LEGAL ANALYSIS

In opposition to defendant Hamilton's motion for summary judgment, plaintiffs rely on plaintiff Marshall Cumberland's testimony as summarized above. Mr. Cumberland testified with respect to the various positions he held at Armco and the specific job duties which those positions entailed. He further testified that he worked around steam and pipe lines covered with asbestos insulation and that he came into physical contact with insulation on the steam lines. Mr. Cumberland, however, could not specifically identify any asbestos-containing product or any co-worker who worked in his vicinity that could do the same.

Plaintiffs also rely upon answers to interrogatories submitted by defendant Owens-Illinois in unrelated cases. These answers indicate that the Owens-Illinois product known as Kaylo was an asbestos-containing product manufactured in the time period during which Mr. Cumberland worked at the Armco plant.

Plaintiffs also submitted the deposition testimony of Paul W. Hayes, an employee for Hamilton from 1950 through 1979. Mr. Hayes held various positions with

Hamilton, including salesman, sales manager, secretary, and vice-president. Mr. Hayes stated that Hamilton marketed the asbestos-containing Kaylo product manufactured by Owens-Illinois. He further stated that the distribution of Kaylo began in 1950 and continued throughout his tenure with Hamilton. Mr. Hayes also indicated that Kaylo was supplied to contractors in western Pennsylvania during that time period. (Dep. of Paul W. Hayes at 14-19, 26.)

In further opposition to Hamilton's motion, plaintiffs presented the deposition testimony of several employees of J.R. Ellison and Sons, a contractor which performed pipefitting and installation at Armco. These employees identified Kaylo block and pipe insulation material as being used at the Butler plant. One of these employees was Thomas E. Ellison, a truck driver for Ellison in the mid 1960s. In this capacity, he picked up materials from supply houses, including defendant Hamilton. He further testified that Ellison purchased asbestos-containing products, including Kaylo, from Hamilton. Moreover, Mr. Ellison stated that while he was a truck driver, he personally picked up Kaylo insulation at Hamilton which was used at the Butler Armco plant. (Dep. of Thomas E. Ellison, 3/2/90 at 14, 29-30.)

Although Mr. Cumberland was unable to specifically identify any asbestos-containing product, there is evidence that the Owens-Illinois Kaylo product contained asbestos and was used at the Butler Armco plant during the time period in which plaintiff Marshall Cumberland worked there. There is also evidence that defendant Hamilton was a supplier of Kaylo during Mr. Cumberland's tenure. However, plaintiffs have not offered any evidence that Mr. Cumberland worked in the vicin-

ity of Kaylo's use, either through his own testimony or circumstantially through the testimony of a co-worker or Ellison employee. Notwithstanding the deposition testimony of Ellison employees who identified the presence of Kaylo at Butler Armco, there is no evidence that Mr. Cumberland worked in the proximity of those employees with any frequency or regularity.

As defendant Hamilton correctly argues in its brief, the mere presence of a supplier's products at a job site is insufficient to defeat a motion for summary judgment. *Pongrac v. Consolidated Rail Corp., supra.* Circumstantial evidence of a plaintiff's exposure to an asbestos-containing product may defeat a motion for summary judgment, but only if such evidence meets the standard set forth in *Eckenrod v. GAF Corp.* 375 Pa. Super. 187, 544 A.2d 50 (1988). Whether a plaintiff can defeat such a motion through circumstantial evidence "depends upon the frequency of the use of the product and the regularity of plaintiff's employment in proximity thereto." 375 Pa. Super. at 192, 544 A.2d at 53. In the *Eckenrod* decision, notwithstanding the plaintiff's occasional exposure to asbestos, the court affirmed a grant of summary judgment, noting that there "[was] no evidence, however, as to the regularity or nature of [plaintiff]'s contact with asbestos." *Id.* The *Eckenrod* court further noted that there was no testimony that the plaintiff worked with asbestos supplied by the defendant and that "[t]he mere fact that [defendants'] asbestos products came into the facility does not show that the [plaintiff] ever breathed these specific asbestos products or that he worked where these asbestos products were delivered." *Id.*

In the case at bar, the circumstantial evidence is insufficient to create a genuine issue of material fact that plaintiff Marshall Cumberland was injured as a result of exposure to asbestos-containing products supplied by defendant Hamilton. There is no testimony, either from Mr. Cumberland or from any Armco co-worker or Ellison employee, that Mr. Cumberland worked with any regularity in proximity to Kaylo or any other asbestos-product supplied by Hamilton. Based upon the evidence or lack thereof, and upon the case law cited above, defendant Hamilton is entitled to summary judgment.

Accordingly, we enter the following:

ORDER

And now, February 7, 2000, it is hereby ordered that: the motions for summary judgment of Owens-Illinois Inc., and George V. Hamilton Inc., are granted.